LIZANN WOOD BAILEY and ROBERT JOHN BAILEY, JR., Plaintiffs-Appellees, *v.* STATE OF HAWAII, Defendant-Appellant

NO. 5744

JULY 12, 1976

RICHARDSON, C.J., OGATA, MENOR
AND KIDWELL, JJ., CIRCUIT JUDGE SODETANI
IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY RICHARDSON, C.J.

In *State v. Henry Edward Damon, et al.*, Civil No. 27838 (hereinafter, the condemnation action), the State of Hawaii, defendant-appellant herein, condemned a portion of real property under lease to Lizann and Robert Bailey, for the purpose of widening the Moanalua Road. During trial of the condemnation action, the Baileys, defendants in that action, sought to present evidence as to the costs of revising and reconstructing a retaining wall as severance damages resulting from the taking. Trial Judge Kabutan invited and sustained an objection to such evidence. The transcript for that portion of the trial reveals:

"[Mr. Bailey]: . . . In addition to that, I had another bill for the retaining wall on the Waikiki side of the building in the amount of $5800.

"Q I would like to stop you there—

"THE COURT: (Interrupting) Well, any objection to the introduction of any evidence relating to the retaining wall on the Waikiki side?

"MR. HASEGAWA: Objection, your Honor—

"THE COURT: (Interrupting) Objection sustained.

"MR. RINEHART: Your Honor, may I lay a foundation?

"THE COURT: It has no reference to the taking of the parcel, counsel. It has been testified to by the engineer.

"MR. RINEHART: Your Honor, I—. Well, first of all—

"THE COURT: (Interrupting) *Well, if you have a separate cause of action, that's [not an]*[1] issue before the Court now. The question before the Court is the taking or any results of the taking.

"MR. RINEHART: Your Honor, I offer to prove that, first of all, the State has not shown the area of the right-of-way and that the right-of-way is on the area of this retaining wall, and that the State requested this retaining wall to be made as part of this project.

"THE COURT: Well, if there is a contractual relationship that you can establish between the State for the construction of the retaining wall to take care of the surcharges created by the overweight of the overpass, that is a separate issue altogether. It's not before this Court.

"MR. RINEHART: Well, may I make the offer of proof in that regard?

"THE COURT: Well, haven't you made your offer of proof?

"MR. RINEHART: Well, I think I would like to go further on this issue, your Honor, and—

"THE COURT: (Interrupting) Well, the Court has ruled, and the Court cannot waste time. The Court will take a short recess."

(Emphasis added.)

---

[1] The transcript reads "another" instead of "not an," but is obviously in error.

Subsequent to the judgment in the condemnation action, the Baileys, plaintiffs-appellees herein, brought the present action for costs for the design and construction of the retaining wall relying on two theories: (1) contract and (2) consequential damages of the taking. After jury-waived trial, Judge Hayashi ruled that the evidence was insufficient to establish the existence of a contract but that it was sufficient to establish that they were consequential damages of the taking. Significantly, Judge Hayashi ruled that the Baileys "are not barred under the doctrine of res judicata from bringing the present suit," having found that Judge Kabutan excluded evidence of, and excluded from judgment, costs for the retaining wall and further, that Judge Kabutan ruled that the Baileys may bring a separate cause of action.

The State appeals from the judgment, arguing that res judicata bars the bringing of this action to recover the retaining wall costs.

I

The State's position is that the recoverability of costs of the retaining wall was at issue in the condemnation action and that Judge Kabutan determined and adjudged that such costs were not recoverable. Thus, the State argues that such judgment is res judicata and bars the relitigation of the same issue and recovery in this case.

The Baileys take the position that Judge Kabutan did not rule on the retaining wall claim but instead in effect severed the matter for litigation in a subsequent action. Both parties rely upon the transcript quoted above to support their respective positions.

The Baileys conceded in oral argument, and we agree, that the claim for the retaining wall was a compulsory counterclaim required to be pleaded in the condemnation action. H.R.C.P., Rule 13(a). The transcript indicates that Judge Kabutan erroneously believed that such issue was not compulsory counterclaim but rather, had "no reference to the taking of the parcel." The court invited an objection to the

introduction of *any* evidence relating to the retaining wall and sustained such an objection before grounds were established. The court cut off Bailey's efforts to establish that the issue of the retaining wall should be litigated in the condemnation action, indicating that it would be a waste of time. Judge Kabutan's actions and statements make it clear that he did not rule on the question of the recoverability of costs of the retaining wall, but instead *refrained* from ruling on the matter because of his erroneous belief that the matter was not properly before him.

## II

A second and related issue is whether res judicata bars the Baileys from bringing a later action on a claim which should have been pleaded as a compulsory counterclaim in the condemnation action. H.R.C.P., Rule 13(a).[2] The Baileys conceded in oral argument that the claim for the cost of the retaining wall is a compulsory counterclaim and could not have been raised in this proceeding had Judge Kabutan not effectively severed that item from the condemnation action.

Rule 13(a), H.R.C.P., does not explicitly provide that failure to assert a compulsory counterclaim will be deemed to preclude its later assertion. However, some courts have held that the principle of res judicata applies to all issues that should have been raised, even though actually omitted. 3 Moore, *Federal Practice* § 13.12[1] at 13-271 (2d ed. 1974). Under this view, Bailey should have sought adjudication on the merits in the condemnation action by appealing the exclusion of evidence and the severance of his compulsory counterclaim. Additionally, he would be precluded from bringing this action.

---

[2] H.R.C.P., Rule 13(a) provides in relevant part, as follows:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . ."

A strict application of the doctrine of res judicata to omitted counterclaims can lead to harsh results particularly when the defendant finds himself precluded from asserting his counterclaim because of procedural developments in the case, such as in an action which is dismissed before trial or without a decision upon its merits.

We think that the absolute bar imposed by res judicata goes farther than necessary to effectuate the purposes of Rule 13(a). The requirement that counterclaims arising out of the same transaction "shall" be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. *Southern Construction* v. *Pickard*, 371 U.S. 57 (1962). We agree with the Minnesota Supreme Court that Rule 13(a) does not raise the absolute bar of res judicata but raises "a bar created by rule . . . which logically is in the nature of an *estoppel* arising from the culpable conduct of a litigant in failing to assert a proper counterclaim" (emphasis added). *House* v. *Hanson*, 245 Minn. 466, 470, 72 N.W.2d 874, 877 (1955).

Professor Wright commends "estoppel by rule" as "a more apposite and useful approach to the problem of omitted counterclaims":

> "[I]t *affords a means of extricating a defendant who has not knowingly refrained from asserting his claim from the rigors of the compulsory counterclaim rule;* this type of safety value may be particularly important when an insurance company has controlled the defense of the first action and the actual defendant has not had a realistic opportunity to assert his claim. Moreover, an analysis in terms of estoppel is a more flexible tool for handling cases resulting in a default judgment, a consent judgment, or a dismissal after a compromise agreement." Wright and Miller, 6 *Federal Practice and Procedure* § 1417 at 96-7 (1971).

See also discussion in Wright, Estoppel by Rule: *The Compulsory Counterclaim under Modern Pleading, 1954,* 38 Minn. L. Rev. 423.

We take the position that where a defendant has had the opportunity, but has failed to assert a compulsory counterclaim in an action, Rule 13(a) estops him from asserting such claim in a subsequent action. Estoppel, however, does not apply in the present action since the omission of the compulsory counterclaim in the condemnation action was not the result of Bailey's inaction, but resulted from Judge Kabutan's exclusion of the claim in the condemnation action and his direction that it be raised in a subsequent action.[3]

Affirmed.

*Bernaldo D. Bicoy and Gary R. Rinehart* for plaintiffs-appellees.

*Johnson Wong and Gerald Chang*, Deputy Attorneys General *(Ronald Y. Amemiya*, Attorney General, with them on the brief) for defendant-appellant.

---

[3] Had Judge Kabutan not excluded evidence relating to the retaining wall, Bailey could have amended the pleadings to include the counterclaims pursuant to either Rule 15(a) or (b), H.R.C.P.

Our conclusion is consistent with the rule stated in *Restatement of Judgments*, § 67 at 286 (1942):

"Where in an action the court holds that the plaintiff cannot enforce a particular claim in that action on the ground that he can enforce it only in a separate action, the judgment does not preclude the plaintiff from enforcing the claim in another action, although in the second action it appears that the holding of the court in the first action was erroneous."

Comment (b) to Section 67 at 287, states that the rule is applicable to compulsory counterclaims.