HAROLD E. DRIGGERS v. COMMERCIAL CREDIT CORPORATION, LARRY HARRIS, AND HARRIS KELLY MUSIC COMPANY

No. 7618SC434

(Filed 1 December 1976)

1. **Pleadings § 11; Rules of Civil Procedure § 13— claim arising after answer — no compulsory counterclaim**

    Where a cause of action, arising out of the transaction or occurrence that is the subject matter of the opposing party's claim, matures or is acquired by a pleader after he has served his pleading, the pleader is not required thereafter to supplement his pleading with a counterclaim, although G.S. 1A-1, Rule 13(e), permits the court to allow such supplemental pleading to assert a counterclaim.

2. **Pleadings § 11; Rules of Civil Procedure § 13— no knowledge of claim when answer filed — counterclaim not compulsory**

    Plaintiff's claim for fraud based on differences in the original and a purported "duplicate" of a conditional sales contract was a permissive, not compulsory, counterclaim in defendant's prior action

on the contract against plaintiff to recover a deficiency remaining after repossession and sale of the property purchased under the contract where plaintiff learned of the allegedly fraudulent acts by defendant during the prior trial and there was no showing that plaintiff knew or in the exercise of reasonable diligence should have known of his alleged claim for fraud at the time he served his answer in the prior action. G.S. 1A-1, Rule 13(a).

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 30 December 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 11 October 1976.

*Action by Commercial Credit Corporation
against Harold E. Driggers*

On or about 11 February 1964 Driggers executed a conditional sales contract for the purchase of an organ and tone cabinet from Harris Kelly Music Company. The contract was executed on a form furnished by Commercial Credit Corporation, which was designed for assignment to Commercial Credit and which in fact was assigned by Harris Kelly Music Company to Commercial Credit. Driggers defaulted in the monthly payments on the contract, and on or about 21 June 1966 Commercial Credit repossessed the organ and tone cabinet. Commercial Credit sold the organ and tone cabinet. After applying the proceeds to the costs and balance of the indebtedness, Commercial Credit filed a complaint on or about 9 July 1973 seeking a deficiency judgment against Driggers for $726.04.

Driggers filed answer to the complaint of Commercial Credit on 21 November 1973. Discovery proceedings were initiated by Driggers on 1 February 1974. By order dated 24 January 1975 Commercial Credit was directed to produce for copying the original of the contract signed by Driggers on 11 February 1964. Instead of producing the original of the contract as ordered, Commercial Credit delivered to Driggers a "duplicate" contract.

When the Commercial Credit action against Driggers came on for trial on 24 February 1975, Driggers learned that the "duplicate" contract furnished to him by Commercial Credit differed in its terms from the original which he had signed. The original which Driggers had signed did not provide for a private sale in the event of repossession or for deficiency judgment. The "duplicate" specifically provided for private sale in the event of repossession and for deficiency judgment. Upon this

Driggers v. Commercial Credit Corp.

showing, Commercial Credit submitted to a voluntary dismissal with prejudice in its action against Driggers.

*Action by Harold E. Driggers against Commercial Credit Corporation and Harris Kelly Music Company*

The present action was commenced by Driggers against Commercial Credit and the Music Company on 26 March 1975 seeking damages for alleged fraud of defendants flowing from obtaining his carbon signature on a contract different from the original which he signed.

Defendants moved to dismiss this action on the ground that Driggers' claim of fraud constituted a compulsory counterclaim in the former action. In the order appealed from, the trial judge concluded that the matters alleged in the present action constituted the basis of a claim by Driggers in the prior action, constituted a claim arising out of the transaction upon which the complaint in the prior action was based, and did not require the presence of third parties of whom the court could not acquire jurisdiction. Holding that G.S. 1A-1, Rule 13(a), required that Driggers should have asserted his fraud claim in the prior action, the trial judge dismissed plaintiff's action with prejudice.

*Max D. Ballinger for the plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., for the defendant, Commercial Credit Corporation.*

BROCK, Chief Judge.

The only question properly before us for review is the interpretation placed upon G.S. 1A-1, Rule 13(a), by the trial judge. We express no opinion upon Driggers' allegations of fraud or the alleged damages arising therefrom.

The pertinent provisions of G.S. 1A-1, Rule 13(a), are:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim . . . "

As can be seen, the rule refers to a claim which the pleader has at the time of serving the pleading.

Driggers' answer in the prior action was served on 19 November 1973. On 1 February 1974 Driggers sought a copy of the contract sued upon by Commercial Credit. Finally in January 1975 an order was entered requiring Commercial Credit to produce the contract. Instead of producing the contract signed by Driggers, Commercial Credit produced a "duplicate" which contained a carbon impression of Driggers' signature. It was under the terms of this "duplicate" contract that Commercial Credit was proceeding in its action against Driggers. It was not until the day of trial in February 1975 that Driggers learned of the difference between the terms of the contract that he had signed and the terms of the "duplicate" contract which had been inserted to obtain the carbon impression of his signature. As soon as this difference in terms was brought to light, Commercial Credit submitted to a voluntary dismissal of its action with prejudice.

In North Carolina an action for fraud accrues when the aggrieved party discovers the facts constituting the fraud, G.S. 1-52(9), or when, in the exercise of reasonable diligence, such facts should have been discovered. *Wilson v. Development Co.,* 276 N.C. 198, 171 S.E. 2d 873 (1970). There is nothing in the record before us to suggest that Driggers knew or should have known, at the time he filed his pleading in the former action, of the existence of the "duplicate" contract containing terms different from the one that he signed. Indeed, it was not until the day of the trial in February 1975 that Commercial Credit allowed the discrepancy to come to light. This was more than a year after Driggers had served his answer on Commercial Credit. Driggers undertook to learn of the terms of the contract as early as February 1974, but by reason of Commercial Credit's failure to strictly comply with the court order, Driggers was only furnished the "duplicate" contract. Nevertheless, Commercial Credit seems to argue that Driggers should have opposed its effort to take a voluntary dismissal in the former action. In this way Commercial Credit argues that Driggers should have sought leave to amend his answer to assert the counterclaim in the prior action.

[1] Where a cause of action, arising out of the transaction or occurrence that is the subject matter of the opposing party's claim, matures or is acquired by a pleader after he has served his pleading, the pleader is not required thereafter to supplement his pleading with a counterclaim. Although G.S. 1A-1, Rule

13(e), permits the court to allow such supplemental pleading to assert a counterclaim, such supplemental pleading is not mandated and failure to do so will not bar the claim. *See* 3 Moore's Federal Practice, ¶ 13.32.

**[2]** Since there is no showing that Driggers knew or by the exercise of reasonable diligence should have known of his alleged claim for fraud at the time he served answer in the prior action, his claim falls within the exception to Rule 13(a) and constitutes a permissive, not compulsory, counterclaim. His failure to assert his claim in the prior action is therefore not a bar to his present action.

Reversed and remanded.

Judges VAUGHN and MARTIN concur.