DANIEL T. FOGARTY and MARY ANN FOGARTY, Plaintiffs-Appellants, *v.* STATE OF HAWAII, Defendant-Appellee

NO. 9879

(CIVIL NO. 78424)

JULY 30, 1985

HEEN, ACTING C.J., TANAKA, J., AND CIRCUIT JUDGE SPENCER IN THE PLACE OF CHIEF JUDGE BURNS, RECUSED

OPINION OF THE COURT BY HEEN, J.

Plaintiffs-appellants Daniel and Mary Ann Fogarty (Fogartys) appeal from the January 9, 1984 order dismissing with prejudice their complaint against defendant-appellee State of Hawaii (State). We reverse.

Fogartys, stockholders of Kohala Plastics Industries, Inc. (Kohala Plastics), were guarantors, along with others, on two promissory notes of Kohala Plastics[1] dated November 26, 1974, and payable to State and the County of Hawaii (County). When Kohala Plastics could not make payments on the notes and could not continue business, a plan was developed whereby Kuluwai Irrigation Corp. would take over Kohala Plastics and assume the debt and interest. On July 13, 1977, Fogartys surrendered their stock in Kohala Plastics to State and the promissory notes were purportedly cancelled by a notation on the face of the notes reading as follows:

7/13/77

NOTE IS HEREBY CANCELLED. LOAN HAS BEEN REFI-NANCED AND IS COVERED BY NOTE DATED 7/13/77

---

[1] The notes were actually executed by Hawaii Orient Plastics, Inc.; however, the record indicates that the obligation was really that of Kohala Plastics Industries, Inc. In any event, there is no question that the Fogartys were among the guarantors of the notes.

EXECUTED BY KULUWAI PLASTICS, INC. [sic] IN THE
AMOUNT OF $300,000.00 PLUS ACCRUED INTEREST OF
$35,599.18.

/s/ Richard T. Morimoto
_____
Agricultural Loan Division Head

Richard T. Morimoto (Morimoto) was a State employee.

On March 8, 1979, State and County brought action[2] against
Fogartys and others (defendants) alleging that the original loans
were made and the promissory notes cancelled as a result of the
defendants' misrepresentations. In that action Fogartys were held
not liable to State, but, because Morimoto was not authorized by
County to cancel the notes, judgment was rendered against Fogar-
tys on County's claim. The Fogartys settled the judgment by paying
County $12,000, and filed this action for indemnification of the
$12,000, attorney's fees and costs incurred in Civil No. 57756, gen-
eral damages and costs.

In their complaint, Fogartys alleged that, by its act of cancelling
the notes, State impliedly warranted that it had authority as Coun-
ty's agent to cancel the notes on behalf of County, that State was in
fact not so authorized, and, further, that State's actions were a
misrepresentation and fraud. On August 3, 1983, State filed a mo-
tion to dismiss for failure to state a claim on the basis that Fogartys'
claim is barred (1) because it should have been raised as a compul-
sory counterclaim in the prior action, under Rule 13(a), Hawaii
Rules of Civil Procedure (HRCP) (1981) and (2) by sovereign im-
munity. The motion was granted on January 9, 1984, and the com-
plaint was dismissed with prejudice; however, the grounds for dis-
missal were not stated by the trial court. On February 7, 1984,
Fogartys filed their notice of appeal.

The questions posed in this appeal are (1) whether Fogartys
were required to lodge this claim as a compulsory counterclaim in
Civil No. 57756 under Rule 13(a), HRCP; and (2) whether Fogar-
tys' claim is barred by State's sovereign immunity. We answer no to
both questions.

_____

[2] The case started in the Third Circuit as Civil No. 5650 and was transferred to
the First Circuit and assigned Civil No. 57756.

## COMPULSORY COUNTERCLAIM

The subject of compulsory counterclaims is governed by Rule 13(a), HRCP, which provides:

Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

This rule is "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters[,]" and " 'is in the nature of an *estoppel* arising from the culpable conduct of a litigant in failing to assert a proper counterclaim' (emphasis added)." *Bailey v. State,* 57 Haw. 144, 148, 552 P.2d 365, 368 (1976) (quoting from *House v. Hanson,* 245 Minn. 466, 470, 72 N.W.2d 874, 877 (1955)). The rule is not absolute, however, and there are notable exceptions. Thus, a party is not required to assert a counterclaim that (1) had not matured at the time he served his pleading; (2) would require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction; (3) is the subject of another pending action; and (4) that would require him to enter a suit against him in a forum which did not have personal jurisdiction over him. 6 Wright & Miller, Federal Practice and Procedure: *Civil* § 1411 (1971).

Fogartys argue that their claim comes within the exception that "the party need not assert a counterclaim that has not matured at the time he serves his pleading." *Id.* at 55. A claim is matured for the purposes of the rule if the person asserting the counterclaim knew or by the exercise of reasonable diligence should have known that his claim existed at the time he served his pleading. *Driggers v.*

*Commercial Credit Corp.,* 31 N.C. App. 561, 564-565, 230 S.E.2d 201, 203 (1976).

Fogartys' claim stems from the transaction upon which Civil No. 57756 was based. The cause of action in Civil No. 57756 was for fraud in the making of the original loans and in the cancellation of the promissory notes. Although one of Fogartys' defenses was that they had been released from liability by the plaintiff, there was nothing about the complaint or amended complaint to indicate that County would challenge State's authority in that regard. Neither did County file a cross-claim against State on that issue. Therefore, at the time Fogartys served their answer they did not know, and were not put on notice, that State's authority would be an issue. Not until plaintiffs in Civil No. 57756 filed their pretrial statement on December 18, 1980, did County assert that the cancellation was improper because County did not participate in or authorize the cancellation. Although that may have given Fogartys notice of the issue, that fact is of no avail to State, because the relevant time under Rule 13(a) is the point when Fogartys filed their answer, which was May 23, 1979. At that time they had no counterclaim and were not aware that they would have a counterclaim.[3]

The supreme court in *Bailey, supra,* held that "where a defendant has had the opportunity but has failed to assert a compulsory counterclaim in an action, Rule 13(a) estops him from asserting such claim in a subsequent action." *Id.* 57 Haw. at 149, 552 P.2d at 369. Here, the circumstances shown by the record are such that, in the manner in which Civil No. 57756 developed, Fogartys did not have an opportunity to present their counterclaim at the time they served their answer and are not barred from bringing this action.

## SOVEREIGN IMMUNITY

The doctrine of sovereign immunity precludes actions against State without its expressed consent. *Waugh v. University of Hawaii,* 63 Haw. 117, 125, 621 P.2d 957, 964 (1980). Suits against State on a contract, express or implied, are authorized under HRS § 661-1(1)

---

[3] Fogartys were not required to amend their pleading when their counterclaim was discovered. 6 Wright & Miller, *supra; Driggers v. Commercial Credit Corp.,* 31 N.C. App. 561, 230 S.E.2d 201 (1976).

(Supp. 1984).[4] Although State has waived its immunity for the torts of its employees in Hawaii Revised Statutes (HRS) § 662-2 (1976),[5] the waiver is not applicable to a claim based on an employee's misrepresentation. HRS § 662-15(4) (1976).[6]

Thus, the question is whether Fogartys have a contractual cause of action against State and whether their complaint fairly states such a cause of action. We answer in the affirmative.

Where an agent, acting in good faith and supposing himself authorized, has made express or implied assertions of authority, an action based upon the implied contract of warranty of authority or indemnity is the appropriate remedy. 1 F. Mechem, *A Treatise on the Law of Agency*, § 1398, p. 1029 (1982).

> A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized.

Restatement (Second) of *Agency*, § 329 (1958). *See, e.g., Ware v.*

---

[4] HRS § 661-1(1) states in pertinent part:

Jurisdiction. The several circuit courts of the State and, except as otherwise provided by statute or rule, the several state district courts shall, subject to appeal as provided by law, have original jurisdiction to hear and determine the following matters, and, unless otherwise provided by law, shall determine all questions of fact involved without the intervention of a jury.

(1) All claims against the State founded upon . . . any contract, expressed or implied, with the State, . . . provided that no action shall be maintained, nor shall any process issue against the State, based on any contract or any act of any state officer which the officer is not authorized to make or do by the laws of the State, nor upon any other cause of action than as herein set forth.

[5] HRS § 662-2 states:

Waiver and liability of State. The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

[6] HRS § 662-15(4) states:

Exceptions. This chapter shall not apply to:

* * *

(4) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

*Christenberry,* 7 Kan. App. 2d 1, 6, 637 P.2d 452, 456 (1981); *Husky Industries Inc. v. Craig Industries, Inc.,* 618 S.W.2d 458, 461 (Mo. App. 1981); *Glendale Realty, Inc. v. Johnson,* 6 Wash. App. 752, 495 P.2d 1375 (1972); *McKnight v. Hialeah Race Course, Inc.,* 242 So.2d 478 (Fla. App. 1970); *Yoakum v. Tarver,* 256 Cal. App. 2d 202, 64 Cal. Rptr. 7 (1967); *Weinstein v. Rothberg,* 87 Ga. App. 94, 73 S.E.2d 106 (1952).

Although a minority of jurisdictions, in older cases, recognize the unauthorized representations of the agent as creating a tortious cause of action for misrepresentation,[7] the above is the rule observed by most jurisdictions.[8] The rule is cited with approval, although as *dicta,* in *Corps Construction, Ltd. v. Hasegawa,* 55 Haw. 474, 477, 522 P.2d 694, 696 (1974), an action based on an agent's representations. More recently, the supreme court held "[a]n action on breach of warranty clearly is in the nature of assumpsit, inasmuch as a warranty arises from the contractual relationship between buyer and seller, and a breach of warranty constitutes a breach of contract." *Schulz v. Honsador, Inc.,* 67 Haw. ____, 690 P.2d 279 (1984).

We turn now to Fogartys' complaint to determine if it contains allegations sufficient to raise the issue of implied warranty.

## THE COMPLAINT

Our review of the trial court's dismissal of the complaint is governed by the following rule:

In appraising the sufficiency of the complaint under Rule 12(b)(6), the accepted rule is that well-pleaded allegations of fact are taken as admitted and the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Midkiff v. Castle and Cooke, Inc.,* 45 Haw. 409, 414, 368 P.2d 887, 890-91 (1962).

---

[7] *Mendelsohn v. Holton,* 253 Mass. 362, 149 N.E. 38 (1925). For a discussion, *see* 1 F. Mechem, A Treatise on the Law of Agency, § 1398, p. 1028-29 n.62 (1982).

[8] Recovery is not limited solely to a contract action but may also be had under a tort-misrepresentation theory. *See* Restatement (Second) of *Agency* § 330.

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Giuliani v. Chuck,* 1 Haw. App. 379, 385, 620 P.2d 733, 737 (1980). 5 Wright and Miller, Federal Practice and Procedure: *Civil* § 1357 (1969).

*Marsland v. Pang,* 5 Haw. App. 463, 701 P.2d 175 (1985).

Fogartys argue that their complaint is not limited to the question of State's tort liability but fairly raises the issue of State's breach of warranty of its authority to cancel the notes on behalf of County. We agree.

Although the complaint does not state separate causes of action in separate counts, *see* Rule 8(a) and (e)(2), HRCP, and the prayer for relief is for both indemnification and for tort damages, the separate theories are easily discernible. Paragraphs 5 through 21 of the complaint aver that, when State purported to cancel the promissory notes, it represented that it was acting as agent for County and had full authority to do so. Under those allegations Fogartys could prove any and all facts tending to show an agency relationship, and that State impliedly warranted its authority to cancel the notes on behalf of County.

Both causes of action for implied warranty and in tort are based on the representations of Morimoto. Consequently, HRS § 662-15(4) bars Fogartys' tort claim. However, under the general rule stated above, their cause of action for breach of implied warranty may be maintained under HRS § 661-1(1), notwithstanding those alleged misrepresentations. Since their implied warranty claim is not barred as a matter of law, Fogartys should have been allowed to amend their complaint to state that claim and delete their tort claim. The trial court erred in dismissing the complaint with prejudice.

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent herewith.

Reversed and remanded.

*Charles S. Lotsof* for plaintiffs-appellants.

*Herbert Y. Hamada,* Deputy Attorney General, for defendant-appellee.