**AVIE E. BOOTH**, Plaintiff–Appellant, v. **BERKLEY V. LEWIS**, et al., Defendant–Appellee

NO. 14356

(CIV. NO. 89–0506(2))

SEPTEMBER 27, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Plaintiff–Appellant Avie E. Booth (Booth) appeals from the judgment dismissing her complaint against Defendant–Appellee Berkley V. Lewis (Lewis).[1] We affirm.

On October 16, 1989, Booth filed the suit below against Lewis alleging that Lewis (1) committed the tort of abuse of process by filing a prior suit, Second Circuit Court Civil No. 88–0549(1) (No. 88–0549(1)), against Booth; (2) unlawfully interfered with Booth's ability to conduct the business of Tropical Draperies, Inc. (Tropical), a corporation in which the parties owned the controlling interests;[2] (3) tortiously interfered with the prospective business opportunities of Booth and Tropical; (4) verbally assaulted and harassed Booth; and (5) maliciously and intentionally inflicted extreme emotional distress on Booth. The complaint also alleged

---

[1] The complaint names as defendant Berkley V. Lewis, individually, and doing business as Tropical Draperies, Inc. (Tropical).

[2] According to the record, Booth owned 51% of Tropical, and Lewis owned 49%.

that Booth was forced to expend her own funds on Tropical's business, made loans to Tropical, and was not paid her salary and expenses.

On November 21, 1989, Lewis filed a Rule 12(b)(6), Hawaii Rules of Civil Procedure (HRCP) (1981) motion to dismiss (Motion) the complaint for failure to state a claim upon which relief could be granted.[3] The Motion was granted, and Booth appealed after her motion for reconsideration was denied.

We note, first, that the Motion was based on the ground that Booth's complaint was required to have been pleaded as a compulsory counterclaim in No. 88–0549(1), pursuant to Rule 13(a), HRCP (1981). Lewis attached copies of several documents to the Motion, including the complaint and a motion for summary judgment filed by him in No. 88–0549(1).[4] Booth opposed the Motion by filing a memorandum and attached a portion of a transcript of the hearing on Lewis' motion for summary judgment in No. 88–0549(1). The lower court did not exclude the attachments. Therefore, the Motion was really a summary judgment motion, Rule 12(b), HRCP,[5] and the question is whether there is no genuine issue of material fact and Lewis is entitled to judgment as a matter of law. We answer yes.

---

[3] The Motion cites Rules 12(a) and 13(a) as its grounds. The citation to Rule 12(a) is erroneous.

[4] The parties agree that the motion for summary judgment in No. 88–0549(1) was granted. Booth did not appeal in No. 88–0549(1).

[5] The pertinent provision of Rule 12(b), Hawaii Rules of Civil Procedure (HRCP) (1981), reads as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 13(a), HRCP, reads as follows:

**(a) Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

### 1.

Booth argues that her claims in this action do not rise out of the same transaction or occurrence as in No. 88–0549(1). We disagree.

Courts generally use four tests to determine whether a counterclaim is compulsory:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?

6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1410, at 52–55 (1990) (footnotes omitted). An affirmative answer to any of the four questions renders the counterclaim compulsory. Each of the tests has distinct problems in application. *Id.* at 58. However, the most widely accepted standard is the logical relationship test, *id.* at 65, which we find applicable here.

> A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim either because the same aggregate operating facts serves as a basis of both claims or the core of facts upon which the original claim rests activates additional legal rights in party defendant that otherwise would remain dormant.

*In re Canter*, 1 Bankr. 172, 175 (D. Mass. 1979) (quoting *Revere Copper & Brass, Inc. v. Aetna Casualty & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970)). *See also Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3rd Cir. 1961) (logical relationship exists where multiple claims "are offshoots of the same basic controversy between the parties").

A comparison of the claims in this case and in No. 88–0549(1) clearly indicates a logical relationship between them. They are offshoots of the rather lengthy business relationship between Booth and Lewis.

The thrust of the complaint in No. 88–0549(1) is that Booth negligently mismanaged Tropical's business affairs, converted Tropical's assets, tortiously interfered with Tropical's contracts with its customers and with Tropical's business opportunities, violated her fiduciary duty to Tropical, and intentionally inflicted emotional distress on Lewis.

Quite obviously, the same aggregate of operative facts gave rise to the claims in both suits. Both complaints grew out of the business relationship between the parties through their joint

ownership of Tropical. In No. 88–0549(1), Lewis accuses Booth of causing Tropical's extensive losses. In this case, Booth alleges that Lewis interfered with her conduct of the business and was the cause of Tropical's losses. In both cases each party accuses the other of inflicting emotional distress. Quite clearly, the business relationship created the controversy between the parties. For those reasons, Booth's claims were compulsory counterclaims under Rule 13(a), HRCP, and Booth was required to interpose them in No. 88–0549(1) or be forever barred. *Bailey v. State*, 57 Haw. 144, 552 P.2d 365 (1976); *Fogarty v. State*, 5 Haw. App. 616, 705 P.2d 72 (1985).

2.

Booth argues that even if her claim should have been brought in No. 88–0549(1), it was the lower court's action, not her inaction, that prevented her from doing so. Therefore, she contends she is entitled to relief from the bar under the exception established in *Bailey, supra*. The argument is without merit.

In *Bailey*, the plaintiffs were allowed to maintain an action for the cost of constructing a retaining wall, even though they should have presented that claim as a compulsory counterclaim in a prior condemnation action. The supreme court held that it was not the plaintiffs' inaction that prevented them from presenting the claim in the prior suit. The plaintiffs had attempted to raise the issue in the condemnation action, but the trial court had refused to allow them to do so. Booth argues that the fact situation in this case parallels *Bailey*. We disagree.

In No. 88–0549(1), Lewis filed his summary judgment motion on July 28, 1989. Hearing was set for August 17, 1989. On August 16, 1989, Booth filed an *ex parte* motion to shorten time for a hearing on a motion for leave to file an amended answer and a counterclaim (motion to amend) also filed that day by Booth. The court

refused to shorten the time. Consequently, at the August 17 hearing, the court refused to hear the motion to amend because it was filed too late. The court said:

> And the reason [for not shortening time] is, first, that the motion to shorten time on the motion to amend simply gave know [sic] satisfactory reason for the delay. Mr. Metz has been talking about filing this motion for weeks.
>
> * * *
>
> And the problem, Mr. Metz, is I might be willing to shorten time, but here we're faced with the situation where you present the motion literally hours before the hearing. It's not fair to the other side.

Unlike *Bailey*, Booth's own inaction and delay were the cause of her failure to timely file her counterclaim in No. 88–0549(1). Thus, Booth cannot avail herself of the *Bailey* rule.

Affirmed.

*Bruce N. Metz* on the briefs for plaintiff–appellant.

*Shackley F. Raffetto* and *Michael J. Callahan* (Jaress & Raffetto, of counsel) on the briefs for defendant–appellee.