DIETZ, Judge.
Defendants Michael Hawkins and Green Techniques, LLC, appeal from the trial court's order denying their motions, made shortly before trial, to amend their pleadings to assert new counterclaims. Defendants acknowledge that their appeal is interlocutory but contend that their new claims are compulsory under Rule 13 and therefore the denial of their motion is immediately appealable under this Court's precedent.
To be compulsory under Rule 13, a counterclaim must exist at the time of the initial pleading; new claims that arise during litigation are not compulsory. Here, Defendants concede that their new claims did not arise until just before trial, when Plaintiff obtained an appraisal that triggered a provision in the parties' agreement. Thus, the claims are not compulsory counterclaims. Defendants provide no other justification for their interlocutory appeal. We are therefore constrained to dismiss the appeal for lack of subject matter jurisdiction. We note that Defendants will have a full and fair opportunity to pursue their appeal after final judgment and, in the meantime, remain free to pursue their new claims in a separate action.
Facts and Procedural History
In 2008, Defendant Michael Hawkins co-founded a "green" chemical company called Green Techniques, LLC. One year later, Hawkins's co-founder left the company, leaving Hawkins as the sole member and manager. In late 2010, Plaintiff Anthony Ferguson joined Green Techniques and acquired a 49% interest in the company (leaving Hawkins with the other 51% interest). Hawkins and Ferguson signed a corporate resolution and agreed to be bound by the terms of the operating agreement that previously governed Hawkins and his co-founder. They also agreed that Ferguson would not be paid by Green Techniques until the company began to make sufficient profits.
On 4 June 2012, Ferguson met with Hawkins and requested that he begin receiving compensation from Green Techniques. The next day, according to Defendants' witnesses, Ferguson arrived at Green Techniques accompanied by two armed law enforcement officers, including a North Carolina Highway Patrol Officer whom Ferguson knew personally. Ferguson removed all of Green Techniques's corporate documents as well as all of his personal belongings from the premises. He also wrote himself a check for $18,000 from Green Techniques's account and cut off the company's phone and internet.
On 2 July 2012, Hawkins called a meeting of the Board of Managers and removed Ferguson as a manager of Green Techniques. Under the company's operating agreement, this removal triggered a "withdrawal event" which required the company to purchase, and Ferguson to sell, his stake in the company.
Pursuant to the operating agreement, Hawkins attempted to set up an appraisal to determine the "Company Fair Market Value." After failing to agree on an appraiser, Ferguson elected to obtain his own appraiser. Under the operating agreement, if the parties cannot agree on an appraiser, then each party may obtain their own appraiser and the "Company Fair Market Value" shall equal the average of the two appraisals "provided that the higher appraisal does not exceed the lower by more than 10%." If there is more than a 10% discrepancy between the two appraisals, then "a third Appraiser shall be selected by the first two Appraisers, and the Company Fair Market Value shall equal the average of the two appraisals closest in value."
Hawkins hired Robert Pullman to conduct an appraisal of Green Techniques using a valuation date of 30 June 2012. Pullman valued the company at zero dollars.
Ferguson hired John Gibson to perform his appraisal. Gibson acknowledged that he conducted a "calculation of value," which Defendants contend is not an acceptable method of appraisal under the operating agreement. Gibson valued the company at $492,000. Hawkins later wrote Ferguson two letters stating that Gibson's "calculation of value" was not a "fair market value appraisal as required by the Operating Agreement" and that, because Ferguson failed to obtain his own appraisal, Hawkins's appraisal of zero was binding.
On 25 October 2012, Ferguson, individually and on behalf of Green Techniques, filed a complaint against Hawkins alleging compensatory damages, constructive fraud, and unfair and deceptive trade practices, among other claims, and asked the court for a preliminary injunction restraining Hawkins from removing him as a manager. Hawkins filed an answer on 13 November 2012 and asserted counterclaims for declaratory judgment and attorneys' fees against Ferguson.
Ferguson filed an amended complaint on 4 April 2013 adding Green Techniques as a defendant to the action. Defendants filed their answers and counterclaims on 4 June and 5 July 2013 and the parties proceeded to discovery. The trial was scheduled for the week of 21 April 2014 in Iredell County Superior Court.
On 20 March 2014, one month before trial, Ferguson obtained an appraisal of Green Techniques by John Gibson, who also conducted the earlier "calculation of value." Gibson calculated the fair market value to be $148,500. Defendants received the appraisal on 26 March 2014, one week before Gibson's scheduled deposition and roughly a month before trial.
On 9 April 2014, two weeks before trial, Hawkins filed a "Motion to Amend Answer and Counterclaim," seeking to compel a third appraisal of the company under the terms of the operating agreement because there was more than a 10% discrepancy between Hawkins's original appraisal in 2012 and Ferguson's 20 March 2014 appraisal. Green Techniques filed a "Motion to Amend the Amended Answer" on 10 April 2014, also seeking the third appraisal.
The motions were scheduled for 21 April 2014, the next available hearing date, which was the same day the trial was scheduled to begin. That morning, the trial court heard arguments on Defendants' motions but, due to a scheduling conflict, continued the trial to a future date. In an order entered 5 May 2014, the court denied both Defendants' motions to amend their answers. Defendants timely appealed.
Analysis
We begin our analysis by addressing our jurisdiction to hear this appeal. Defendants appeal from the trial court's denial of their motions to amend their answers to assert a counterclaim. Ordinarily, "[a]n order denying a motion to amend pleadings is an interlocutory order, and is not immediately appealable." Carter v. Rockingham Cnty. Bd. of Educ.,158 N.C.App. 687, 689, 582 S.E.2d 69, 71 (2003). But this Court has held that the denial of a motion to amend an answer to add a compulsorycounterclaim affects a substantial right and thus is immediately appealable. N .C. Farm Bureau Mut. Ins. Co. v. Wingler,110 N.C.App. 397, 404, 429 S.E.2d 759, 764 (1993).
Defendants provide only a single justification for this interlocutory appeal: they contend that the counterclaims they sought to add below were compulsory and thus the denial of their motion to amend is immediately appealable as a matter of law. We disagree.
A compulsory counterclaim is "any claim which at the time of serving the pleadingthe pleader has against any opposing party" that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." N.C. Gen.Stat. § 1A-1, Rule 13(a) (2013) (emphasis added). A claim that matures afterthe pleadings are served is not compulsory and the pleader "may, with the permission of the court" present its counterclaim by supplemental pleading. N.C. Gen.Stat. § 1A-1, Rule 13(e). Thus, a counterclaim is compulsory under Rule 13(a) only if it arises out of the same transaction or occurrence andexisted at the time the party filed their responsive pleading. Holloway v. Holloway,221 N.C.App. 156, 161, 726 S.E.2d 198, 202 (2012) ; see also Gardner v. Gardner,294 N.C. 172, 176, 240 S.E.2d 399, 403 (1978) ; Driggers v. Commercial Credit Corp.,31 N.C.App. 561, 564, 230 S.E.2d 201, 203 (1976).
Here, Defendants sought to assert counterclaims that would compel the parties to submit to a third appraisal under the terms of the operating agreement. The agreement required a third appraisal when there is more than a 10% discrepancy between the appraisals obtained by the respective parties. Defendants contend that Plaintiff never obtained a proper appraisal until 26 March 2014-just weeks before trial-and that their counterclaims arose at that time because Plaintiff's newly obtained appraisal triggered the third appraisal requirement in the operating agreement. Notably, Defendants acknowledge that their counterclaims did not exist "at the time of serving" their answer, which they now seek to amend. Thus, under Rule 13, these claims are not compulsory.
Because the counterclaims are not compulsory, the trial court's order does not affect a substantial right as a matter of law. Defendants provide no other justification for their interlocutory appeal beyond their argument that their claims are compulsory. As we have repeatedly held, "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." Jeffreys v. Raleigh Oaks Joint Venture,115 N.C.App. 377, 380, 444 S.E.2d 252, 254 (1994). Because Defendants have not shown that the trial court's order affects a substantial right, we lack jurisdiction to consider this appeal.
Our dismissal says nothing of the merits of Defendants' challenge to the trial court's order or to the merits of Defendants' underlying claims for a third appraisal. Defendants are free to pursue their appraisal claims in other appropriate proceedings and will have a full and fair opportunity to appeal the trial court's order after entry of final judgment in this case. But because appellate jurisdiction is a non-waivable, mandatory requirement of every appeal, we are constrained to dismiss this appeal for lack of jurisdiction.
Conclusion
We lack appellate jurisdiction in this matter because the trial court's order denying Defendants' motions to amend does not affect a substantial right.
DISMISSED.
Judges CALABRIA and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by defendants from order entered 5 May 2014 by Judge C. Thomas Edwards in Iredell County Superior Court. Heard in the Court of Appeals 17 February 2015.