HARRY M. CARPENTER v. KENAN CASTEEN CARPENTER

No. 7515DC33

(Filed 2 April 1975)

**Appeal and Error § 16— appeal from district court order — jurisdiction of district court pending appeal**

Where the trial court entered an order determining the amount of support due defendant from plaintiff pursuant to a separation agreement between the parties, and plaintiff appealed from that order, the district court was without jurisdiction to enter further orders in the matter while plaintiff's appeal was pending.

ON writ of *certiorari* to review order entered by *Allen, Judge.* Order entered 25 November 1974 in District Court, ORANGE County. Heard in the Court of Appeals 19 March 1975.

In this divorce action the parties had entered into a separation agreement and a supplemental agreement which were referred to in the final divorce decree entered on 22 May 1969. In these agreements plaintiff husband bound himself to make certain support payments to defendant wife for her support and for the support and education of the three children. On 29 August 1972 the district court entered an order, after a hearing on a motion in the cause filed by the defendant, in which the court ordered plaintiff to make certain additional payments on account of the educational expenses of the children.

In September 1973 plaintiff filed a motion in the cause in which he alleged a change in his financial circumstances and asked for a reduction in the amounts he should be required to pay for the benefit of the children. After a hearing, the district court entered an order dated 24 June 1974 in which the court found that no substantial change in circumstances had occurred, found that plaintiff was still bound by the separation agreements and by the previous order of the court, determined that plaintiff was in arrears, and ordered him to make good the arrearage and to continue to make the payments as provided in the separation agreements and as directed in the earlier order of the court. From this order dated 24 June 1974 the plaintiff in apt time gave notice of appeal and thereafter, after obtaining appropriate extensions of time, perfected his appeal by docketing the record on appeal and filing brief in the Court of Appeals. The record on appeal was docketed in the Court of Appeals on 6 November 1974 as case No. 7415DC976.

While plaintiff's appeal was pending and on 19 November 1974, defendant filed a motion in the cause in the district court, alleging that plaintiff had failed to comply with the 24 June 1974 order in certain specified respects and asking "that the Court judicially determine the amounts due and enter its decree accordingly, and that execution issue following the judicial determination of the amounts due." On 25 November 1974 a hearing was held on defendant's motion, at which time plaintiff moved to dismiss the motion on the grounds that the district court was without jurisdiction to enter further orders in this case pending the determination of the appeal then before the Court of Appeals. The district court denied plaintiff's motion to dismiss and proceeded to determine the amounts then due and owing by plaintiff to defendant under the previous order of the court dated 29 August 1972. By order dated 25 November 1974 the district court adjudged the total amount then due to be $13,073.51, and ordered "that the plaintiff [sic] be declared a judgment creditor of the defendant [sic]" in that amount. Plaintiff gave notice of appeal from this order. Thereafter this Court issued its writ of certiorari to review the 25 November 1974 order of the district court.

*Wilkinson & Vosburgh by James R. Vosburgh for plaintiff.*

*Haywood, Denny & Miller by George W. Miller, Jr. for defendant.*

PARKER, Judge.

G.S. 1-294 provides that "[w]hen an appeal is perfected as provided by this article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." Here, by entering the order of 25 November 1974 the District Court undertook to proceed upon the very matters which were embraced in and which were directly affected by the previous order appealed from which was dated 24 June 1974.

As a general rule an appeal takes the case out of the jurisdiction of the trial court, *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971); *Bowes v. Bowes,* 19 N.C. App. 373, 198 S.E. 2d 732 (1973); *Upton v. Upton,* 14 N.C. App. 107, 187 S.E. 2d 387 (1972); G.S. 1-294; and, with certain exceptions

noted in *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659 (1963) and not here applicable, pending the appeal the trial judge is *functus officio.* Therefore, the District Court in the present case had no jurisdiction to hear and pass upon defendant's motion filed on 19 November 1974 while the appeal of this case was pending in the Court of Appeals.

Accordingly, the order of the District Court dated 25 November 1974 is

Vacated.

Chief Judge BROCK and Judge ARNOLD concur.