GLOBAL FURNITURE, INC., Plaintiff v. EDDIE PROCTOR, Defendant

No. COA03-1043

(Filed 6 July 2004)

## 1. Discovery— noncompliance—sanctions

The trial court did not abuse its discretion by entering sanctions against defendant for not complying with a discovery order.

GLOBAL FURN., INC. v. PROCTOR

[165 N.C. App. 229 (2004)]

**2. Discovery— discovery sanctions—not precluded by default**

Sanctions against defendant for failure to comply with a discovery order were not precluded by an entry of default against plaintiff on defendant's counterclaims.

**3. Discovery— sanctions—dismissal—failure to consider lesser measure**

A trial court's dismissal of a counterclaim as a sanction for failure to comply with a discovery order was set aside for failure to consider lesser sanctions.

**4. Judges— default entry of one stricken by another—no good cause of change of circumstances finding**

The trial court erred by striking an entry of default by another superior court judge ex mero motu without finding good cause or a substantial change in circumstances.

**5. Civil Procedure— motion—calendar request or notice of hearing**

A calendar request or notice of hearing need not accompany a valid motion, although the issue in this case was moot.

Appeal by defendant from orders entered 19 March 2003 and 2 May 2003 by Judge Larry G. Ford in Iredell County Superior Court. Heard in the Court of Appeals 28 April 2004.

*Patrick, Harper & Dixon, LLP, by Stephen M. Thomas and Evans W. Fisher, for plaintiff-appellee.*

*Brawley & Harwell, P.A., by Brian R. Harwell, for defendant-appellant.*

TYSON, Judge.

Eddie Proctor ("defendant") appeals from the trial court's 19 March 2003 order dismissing his counterclaim with prejudice as a sanction for failure to comply with a discovery order. Defendant also appeals a 2 May 2003 order finding entry of default had been improperly entered against Global Furniture, Inc., ("plaintiff") and striking the entry of default. We vacate both orders and remand the 19 March 2003 sanction order for further consideration.

GLOBAL FURN., INC. v. PROCTOR

[165 N.C. App. 229 (2004)]

## I. Background

Defendant is a former employee of plaintiff. Plaintiff instituted this action on 29 August 2002 and alleged defendant obtained confidential information following termination from employment and disclosed it to third parties to promote his own business interests. Defendant answered and counterclaimed for a unhonored severance package, withheld wages, extortion, blackmail, blacklisting, unjust enrichment, and racketeering. Plaintiff moved for and was granted an extension of time until 7 January 2003 to answer defendant's counterclaim.

On 6 December 2002, plaintiff served defendant with "Plaintiff's Second Set of Interrogatories and Requests for Production of Documents." On 9 December 2002, defendant objected to plaintiff's discovery requests, asserted attorney-client privilege to the requested information that was in his attorney's possession, and failed to answer the interrogatories or produce the requested documents. Plaintiff moved to compel discovery. After hearing, defendant was ordered to answer each interrogatory and produce all documents requested by 5 January 2003.

On 30 December 2002, plaintiff filed a motion to dismiss defendant's counterclaim pursuant to N.C.R. Civ. P. 12(b)(1) and 12(b)(6). This motion was served on defendant by first-class mail.

Defendant filed his responses to plaintiff's second set of interrogatories and requests for production of documents on 2 January 2003. On 11 March 2003, plaintiff moved for sanctions and alleged that defendant's answer violated the trial court's earlier order to compel discovery. On the same day, defendant moved for an entry of default on defendant's counterclaim, which Superior Court Judge Christopher M. Collier granted on 13 March 2003. Defendant filed a response to plaintiff's motion for sanctions, and, on 14 March 2003, filed a motion for default judgment.

Judge Larry Ford heard and granted plaintiff's motion for sanctions on 17 March 2003. By order entered 19 March 2003, defendant's counterclaim was stricken and dismissed with prejudice. Defendant's motion for default judgment was heard on 14 April 2003. On 2 May 2003, Judge Ford entered an order concluding that no hearing had been held on the motion to dismiss and no ruling had been obtained at the time of entry of default. Plaintiff's reply was not due at the time the entry of default was entered against plaintiff pursuant to N.C.R.

Civ. P. 12(a)(1). Judge Ford's order ruled that entry of default was improperly entered, ordered the entry stricken, and denied defendant's motion for default judgment. Defendant appeals.

## II. Issues

The issues are whether the trial court erred in: (1) dismissing defendant's counterclaim as a sanction for non-compliance with an order compelling discovery; (2) striking the entry of default entered by another superior court judge; and (3) striking the entry of default because plaintiff's motion failed to comply with the North Carolina Rules of Civil Procedure.

## III. Sanctions

**[1]** Defendant argues the trial court erred in striking his counterclaim as a sanction for non-compliance with the trial court's earlier order compelling discovery.

Rule 37(b)(2) of the North Carolina Rules of Civil Procedure authorizes a trial court to sanction a party for failure to comply with a court order compelling discovery. The trial court is given broad discretion to "make such orders in regard to the failure as are just" and authorized to, among other things, prohibit the introduction of certain evidence, strike pleadings, dismiss the action, or render judgment against the disobedient party. N.C. Gen. Stat. § 1A-1, Rule 37(b) (2003).

"The administration of [discovery] rules, in particular the imposition of sanctions, is within the broad discretion of the trial court. The trial court's decision regarding sanctions will only be overturned on appeal upon showing an abuse of that discretion." *Joyner v. Mabrey Smith Motor Co.*, 161 N.C. App. 125, 129, 587 S.E.2d 451, 454 (2003) (quoting *Williams v. N.C. Dep't of Correction*, 120 N.C. App. 356, 359, 462 S.E.2d 545, 547 (1995)); *see also Hursey v. Homes by Design*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Hursey*, 121 N.C. App. at 177, 464 S.E.2d at 505 (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

### A. Abuse of Discretion

Defendant asserts the trial court abused its discretion and argues he made good faith efforts to comply with the order compelling discovery. We disagree. The trial court considered the evidence and

**GLOBAL FURN., INC. v. PROCTOR**

[165 N.C. App. 229 (2004)]

arguments. Defendant asserted no knowledge of the requested information and inability to comply because another of his attorney's clients was in possession of the information requested. Defendant concedes this was the same evidence and argument presented during the hearing on plaintiff's motion to compel. Defendant presents no new argument not considered by the trial court.

Defendant has failed to show that the trial court's order was not a result of a reasoned decision. The trial court did not abuse its discretion in imposing sanctions on defendant for his failure to comply with the order compelling discovery. This portion of his assignment of error is overruled.

## B. Effect of Entry of Default

[2] Defendant contends the entry of default against plaintiff established that his counterclaim was admitted and prohibited the trial court from imposing sanctions. We disagree.

Even if defendant's counterclaim was deemed admitted, Rule 37(b) of the North Carolina Rules of Civil Procedure allows a trial court to refuse "to allow the disobedient party to support or oppose designated claims or defenses" or dismiss "the action or proceeding or any part thereof . . . ." N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)(b)-(c) (2003). Rule 37 does not require the disobedient party's claims to be denied. The entry of default did not prevent the trial court from sanctioning defendant for failure to comply with the order to compel discovery.

## C. Lesser Sanctions

[3] Defendant also argues the trial court failed to consider lesser sanctions. We agree.

"[B]efore dismissing a party's ·claim with prejudice pursuant to Rule 37, the trial court must consider less severe sanctions." *Hursey*, 121 N.C. App. at 179, 464 S.E.2d at 507 (citing *Goss v. Battle*, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993)). The trial court is not required to *impose* lesser sanctions, but only to *consider* lesser sanctions. *Goss*, 111 N.C. App. at 177, 432 S.E.2d at 159 ("It is important to note that our holding today does not affect the trial court's discretionary authority, on remand, to impose the sanction of dismissal with prejudice after properly considering less severe sanctions.").

In *Hursey*, we examined the transcript and held the trial court did not err in imposing sanctions pursuant to Rule 37(b). 121 N.C. App. at

179, 464 S.E.2d at 507. The trial court considered two options in *Hursey*: striking both the answer and counterclaim, or only striking the counterclaim. *Id.* Here, the transcript shows the trial court only considered striking defendant's counterclaim. Additionally, the trial court issued an order in response to the parties' request for judicial settlement of the record on appeal. Judge Ford's order imposing sanctions, stated, "the Court did not consider . . . the imposition of lesser sanctions as a part of the March 19, 2003 Order . . . ."

We vacate the order dismissing defendant's counterclaim as a sanction and remand for a hearing on lesser sanctions. As in *Goss*, the trial court has the discretionary authority, on remand, to dismiss defendant's counterclaim with prejudice, but must first consider less severe sanctions. 111 N.C. App. at 177, 432 S.E.2d at 159.

## IV. Entry of Default

[4] Defendant asserts the trial court erred in striking the entry of default entered by another judge. We agree.

Rule 55 of the North Carolina Rules of Civil Procedure allows the trial court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute . . . ." N.C. Gen. Stat. § 1A-1, Rule 55(a) (2003). Rule 55 also grants the trial court the authority to set aside an entry of default "[f]or good cause shown." N.C. Gen. Stat. § 1A-1, Rule 55(d) (2003).

Judge Collier entered default on 13 March 2003 pursuant to defendant's motion. Defendant moved for default judgment on 14 April 2003. After hearing this motion, Judge Ford ordered the entry of default entered by Judge Collier to be stricken. Although Rule 55(d) allows the trial court to set aside an entry of default and, in effect overrule a trial court's earlier order, plaintiff never moved to set aside entry of default pursuant to this rule. Further, Judge Ford made no findings that it was striking Judge Collier's entry of default pursuant to Rule 55 for "good cause shown." Instead, Judge Ford made specific findings of fact regarding the pleadings and concluded, contrary to Judge Collier's entry of default, that "plaintiff is not in default on defendant's counterclaim."

Our Supreme Court has long recognized:

"The power of one judge of the superior court is equal to and coordinate with that of another." *Michigan Nat'l Bank v.*

*Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966). Accordingly, it is well established in our jurisprudence that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.

*State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (quoting *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). One judge may reconsider another judge's ruling "only in the limited situation where the party seeking to alter that prior ruling makes a sufficient showing of a substantial change in circumstances during the interim which presently warrants a different or new disposition of the matter." *Woolridge*, 357 N.C. at 549-50, 592 S.E.2d at 194 (quoting *State v. Duvall*, 304 N.C. 557, 562, 284 S.E.2d 495, 499 (1981)).

Judge Ford's order made findings of fact regarding the pleadings in this action. At the time Judge Ford entered his order, plaintiff had filed a Rule 12(b) motion to dismiss, on which the trial court had not yet ruled when it entered default. The order concludes, based on these pleadings, "entry of default was improperly entered" under Rule 12(a)(1) of the North Carolina Rules of Civil Procedure. By striking the entry of default, Judge Ford's order improperly implies that Judge Collier erred as a matter of law and misapplied the Rules of Civil Procedure. *See Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194.

We hold the trial court erred in striking the entry of default *ex mero motu* without finding that plaintiff had shown "good cause" or that a substantial change in circumstances had occurred to warrant a different disposition. N.C. Gen. Stat. § 1A-1, Rule 55; *Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194. The trial court also erred in reversing Judge Collier's entry of default. Judge Ford was without jurisdiction to reconsider another judge's ruling on the same matter without finding "good cause" or a substantial change in circumstances. N.C. Gen. Stat. § 1A-1, Rule 55; *Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194. As plaintiff neither moved nor presented evidence of "good cause" to set aside the entry of default, Judge Ford's jurisdiction and authority extended only to grant or deny defendant's motion for default judgment. Defendant neither assigns error to nor argues that portion of the trial court's order denying his motion for default judgment.

We vacate that portion of Judge Ford's order striking Judge Collier's entry of default and reinstate the entry of default.

## V. Notice of Hearing

[5] Defendant contends the trial court erred in striking the entry of default because plaintiff did not include written notice of hearing with its motion to dismiss. As we hold the trial court erred in striking the entry of default, this assignment of error is moot. *See Highway Comm. v. School*, 276 N.C. 556, 564, 173 S.E.2d 909, 915 (1970).

Further, Rule 7 of the North Carolina Rules of Civil Procedure states:

An application to the court for an order shall be by motion which, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2003). Based on a plain reading of this rule, a calendar request or notice of hearing need not accompany a valid motion.

## VI. Conclusion

The trial court erred by not considering lesser sanctions. The trial court's order of 19 March 2003 granting plaintiff's motion for sanctions is vacated, and this case is remanded for consideration of lesser sanctions.

The trial court also erred in striking Judge Collier's entry of default and overruling another superior court judge's order without making required findings. The portion of the trial court's 2 May 2003 order striking the entry of default is vacated.

Vacated and Remanded.

Judges McGEE and TIMMONS-GOODSON concur.