MICHAEL BRUGGEMAN, Plaintiff v. MEDITRUST COMPANY, LLC and MEDITRUST GOLF GROUP II, INC., Defendants

No. COA03-944

(Filed 17 August 2004)

**1. Appeal and Error— preservation of issues—failure to follow appellate rules**

Although intervenors in their brief move the Court of Appeals to dismiss defendants' appeal, motions to an appellate court may not be made in a brief but must be made in accordance with N.C. R. App. P. 37.

**2. Parties— motion to intervene—lack of jurisdiction**

The trial court erred by granting intervenors' motion to intervene and the 8 April 2003 order is vacated with the case remanded for further proceedings, because the trial court was divested of its jurisdiction to consider any motion regarding intervenors' intervention in the case while Bruggeman II was pending before the Court of Appeals even though intervenors' motion to intervene sufficiently asserted that their claim involved questions of fact or law common to plaintiff's claim and their motion met the requirements for permissive intervention pursuant to Rule 24(b).

Judge TYSON concurring in part and dissenting in part.

Appeal by defendants from order entered 8 April 2003 by Judge Kenneth Crow in New Hanover County Superior Court. Heard in the Court of Appeals 21 April 2004.

*Johnson, Lambeth & Brown, by Robert White Johnson, Esquire, and Anna Johnson Averitt, Esquire, for intervenors-appellees Newton and McGonigal.*

*Ward & Smith, P.A., by George K. Freeman, Jr., Esquire, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

Meditrust Company, LLC ("MCLLC") and Meditrust Golf Group II, Inc., ("MGG") (collectively, "defendants") appeal the trial court's order granting the motion to intervene filed by Jackson Newton ("Newton") and Mark McGonigal ("McGonigal"). For the reasons

discussed herein, we vacate the trial court's order and remand the case.

This case is before this Court for the third time. The case involves efforts on the part of three real estate brokers, including one from North Carolina, to recover over $1,000,000 in sales commissions allegedly owed to them by a Delaware-headquartered property acquisition group. The facts and procedural history pertinent to the instant appeal are as follows: Michael Bruggeman ("Bruggeman"), Newton, and McGonigal (collectively, "plaintiffs") originally filed this action alleging a contract with Media Acquisition Company ("MAC") and MCLLC and asserting entitlement to a commission for locating certain properties purchased by defendants. According to plaintiffs' complaint, in late 1997 or early 1998, McGonigal, a licensed real estate broker in New Jersey, was contacted by MAC to assist defendants in the acquisition of golf course properties. McGonigal subsequently engaged Bruggeman, a licensed real estate broker in Maryland and Virginia, to assist him in representing defendants.

In January 1998, Bruggeman met with Abe Grossman ("Grossman"), President of MAC. At that time, MAC was a Florida corporation with offices in Florida. Grossman informed Bruggeman that MAC was interested in acquiring golf course properties in North Carolina. MAC subsequently merged with MCLLC, a Delaware corporation with offices in Florida, and Bruggeman subsequently contacted Newton, a resident of and licensed real estate broker in North Carolina. Bruggeman, McGonigal, and Newton then "formed a joint venture to provide services to [defendants] in any state where any one of [plaintiffs] was allowed to act as a real estate broker."

Soon after forming the joint venture, plaintiffs "brought several prospects to [defendants], including Carolina Golf Services and its executive officer, Stuart Frantz." Carolina Golf Services ("Carolina Golf") was a North Carolina business that, according to plaintiffs' complaint, owned Devils Ridge Golf Club, Kiskiack Golf Club, Lochmere Golf Club, Nags Head Golf Links, The Currituck Club, The Neuse Golf Club, and the Oak Valley Golf Club (collectively, "the properties"), all of which are located in North Carolina. After obtaining information for defendants regarding the properties and facilitating and participating in meetings aimed at purchasing the properties, plaintiffs "assisted [defendants] in procuring certain golf course assets of Carolina Golf Services in the State of North Carolina at a price which, upon information and belief, exceeds forty million dollars." Plaintiffs claim that defendants then "excluded" plaintiffs from

subsequent transactions regarding the properties, and, as a result, plaintiffs "did not receive any commission for the services they performed." Plaintiffs allege that they are entitled to "a reasonable commission of $1,320,000, which is three percent of the total purchase price of $44,000,000."

Plaintiffs subsequently amended their complaint to add MGG as a party. MGG was a Delaware corporation with offices in Massachusetts. According to plaintiffs, MAC acted on behalf of MCLLC and MGG, and either MCLLC or MGG, using the information provided by plaintiffs to MAC, actually purchased the properties.

On 24 May 2002, defendants moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and to dismiss Newton and McGonigal for lack of standing. In an order entered 12 September 2002, New Hanover County Superior Court Judge W. Allen Cobb ("Judge Cobb") refused to dismiss the case for lack of subject matter jurisdiction but dismissed Newton and McGonigal for lack of standing. On 1 October 2002, Newton and McGonigal filed a Motion to Intervene and More Definitive Complaint, both of which requested that Newton and McGonigal be allowed to intervene in the matter. On 3 October 2002, defendants moved Judge Cobb to amend the 12 September 2002 order to be certified as a final judgment as to fewer than all the parties. On 10 October 2002, Judge Cobb denied defendants' motion to certify the 12 September 2002 judgment.

Defendants appealed the denial of certification and the denial of the motion to dismiss for lack of subject matter jurisdiction to this Court. In *Bruggeman v. Meditrust Co.*, 161 N.C. App. 347, 588 S.E.2d 585 (2003) (unpublished) (*"Bruggeman II"*), this Court dismissed defendants' appeal as interlocutory and affirmed Judge Cobb's ruling denying defendants' motion to certify the judgment.

While *Bruggeman II* was pending on appeal, New Hanover County Superior Court Judge Kenneth Crow ("Judge Crow") heard Newton and McGonigal's motion to intervene and a motion to stay filed by defendants. Judge Crow took the motions under advisement and, on 10 January 2003, announced in a proposed decision that the trial court would grant Newton and McGonigal's motion to intervene. On 16 January 2003, defendants filed a motion for a fact-finding order, pursuant to N.C. Gen. Stat. § 1A-1, Rule 52 (2003). On the same date, defendants filed a second motion to stay and a motion to certify the order permitting intervention for immediate appeal.

**BRUGGEMAN v. MEDITRUST CO., LLC**

[165 N.C. App. 790 (2004)]

On 24 January 2003, Newton and McGonigal filed an Intervenors' Complaint. On 7 February 2003, defendants filed a motion to rehear the motions to intervene and to stay, a motion to strike the purported intervenors' complaint, and a motion to stay if the intervenors' motion to intervene was in fact granted. On 19 February 2003, all of the pending motions were brought before Judge Crow.

On 8 April 2003, based upon the allegations contained in Newton and McGonigal's purported intervenors' complaint, Judge Crow granted Newton and McGonigal's motion to intervene. Judge Crow stated that the order "in effect overrul[ed] or circumvent[ed]" Judge Cobb's previous order dismissing Newton and McGonigal for lack of standing. Accordingly, Judge Crow certified that the order was immediately appealable. It is from this order that defendants appeal.

---

[1] We note initially that, in their brief, Newton and McGonigal move this Court to dismiss defendants' appeal. "Motions to an appellate court may not be made in a brief but must be made in accordance with N.C.R. App. P. 37." *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858, *disc. review denied and cert. denied*, 343 N.C. 511, 472 S.E.2d 8 (1996). Therefore, we limit our present review only to those issues properly preserved by the parties for appeal.

[2] The only issue on appeal is whether Judge Crow erred by granting Newton and McGonigal's motion to intervene. Because we conclude that Judge Crow erred, we vacate the 8 April 2003 order and remand the case for further proceedings.

N.C. Gen. Stat. § 1-294 (2003) provides as follows:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

Thus, a trial court is considered *functus officio* while an issue is appealed to this Court, and the trial court is generally without jurisdiction to issue an order in the case while the appeal is pending. *Carpenter v. Carpenter*, 25 N.C. App. 307, 309, 212 S.E.2d 915, 916 (1975). However, as discussed above, in the instant case, defendants appealed the following two issues to this Court on 11 October 2002:

(i) Judge Cobb's denial of defendants' motion to dismiss the action for lack of subject matter jurisdiction; and (ii) Judge Cobb's denial of defendants' motion to certify as a final judgment the order dismissing Newton and McGonigal for lack of standing. In *Bruggeman II*, this Court dismissed as interlocutory the issue of whether Judge Cobb erred in denying defendants' motion to dismiss for lack of subject matter jurisdiction. We also affirmed Judge Cobb's decision not to certify as a final judgment the previous order dismissing Newton and McGonigal for lack of standing. Nevertheless, while *Bruggeman II* was pending before this Court, Judge Crow granted Newton and McGonigal's motion to intervene. In light of N.C. Gen. Stat. § 1-294 and the cases that interpret it, we conclude Judge Crow erred.

We recognize that in *Bruggeman II* this Court dismissed as interlocutory defendants' appeal of the denial of defendants' motion to dismiss for lack of subject matter jurisdiction, and we note that it is well established that where an appeal is interlocutory, the trial court need not stay its proceedings while an appellate court decides the appeal. *Veazey v. Durham*, 231 N.C. 354, 357, 57 S.E.2d 375, 377 (1950); *Onslow County v. Moore*, 129 N.C. App. 376, 387-88, 499 S.E.2d 780, 788, *disc. review denied*, 349 N.C. 361, 525 S.E.2d 453 (1998). However, we also recognize that in *Bruggeman II*, this Court affirmed Judge Cobb's denial of defendants' motion to certify as a final judgment the order dismissing Newton and McGonigal for lack of standing. Had this Court decided instead to reverse the trial court's order, the previous order dismissing Newton and McGonigal for lack of standing would have been certified as a final judgment against Newton and McGonigal's claims. N.C. Gen. Stat. § 1A-1, Rule 54 (2003). Such a decision certainly would have affected Newton and McGonigal's standing to intervene in Bruggeman's suit. Thus, while *Bruggeman II* was pending before this Court, N.C. Gen. Stat. § 1-294 divested any trial court of its jurisdiction to consider any motion regarding Newton and McGonigal's intervention in the case. Therefore, we hold that Judge Crow's 8 April 2003 order is vacated, and we remand the case to superior court.

Defendants argue in their brief that Judge Crow's order granting intervention to Newton and McGonigal should be vacated because it "overrules" Judge Cobb's previous order dismissing Newton and McGonigal for lack of standing. Because we conclude that no barrier exists to prevent Newton and McGonigal from reasserting their motion to intervene on remand, and because the procedural history of this case strongly suggests that the issue raised by defendants may

**BRUGGEMAN v. MEDITRUST CO., LLC**

[165 N.C. App. 790 (2004)]

be before this Court again soon, in the interest of judicial economy we address defendants' contention.

It is well established that "[t]he power of one judge of the Superior Court is equal to and coordinate with that of another." *Caldwell v. Caldwell*, 189 N.C. 805, 809, 128 S.E. 329, 332 (1925). Thus, "no appeal lies from one Superior Court judge to another[,] . . . one Superior Court judge may not correct another's errors of law[,] . . . and . . . one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Galloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). However, this Court has upheld a subsequent order issued by a different judge in the same action where the subsequent order was "rendered at a different stage of the proceeding," did not involve the same materials as those considered by the previous judge, and did not "present the same question" as that raised by the previous order. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987); *compare Barbour v. Little*, 37 N.C. App. 686, 247 S.E.2d 252, *disc. review denied*, 295 N.C. 733, 248 S.E.2d 862 (1978) (denial of Rule 12(b)(6) motion to dismiss did not prevent same or different superior court judge from allowing subsequent motion for summary judgment) *and Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E.2d 885, *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971) (same), *with State v. Neas*, 278 N.C. 506, 180 S.E.2d 12 (1971) (trial judge may not grant motion to dismiss previously denied by another judge) *and Stines v. Satterwhite*, 58 N.C. App. 608, 294 S.E.2d 324 (1982) (same—summary judgment).

In the instant case, Newton and McGonigal were dismissed for lack of standing by Judge Cobb's order prior to Judge Crow's order granting their motion to intervene. Standing requires "that the plaintiff have been injured or threatened by injury or have a statutory right to institute an action." *In re Baby Boy Scearce*, 81 N.C. App. 531, 541, 345 S.E.2d 404, 410, *disc. review denied*, 318 N.C. 415, 349 S.E.2d 589 (1986) (citing N.C. Gen. Stat. § 1-57 and *Sanitary District v. Lenoir*, 249 N.C. 96, 99, 105 S.E.2d 411, 413 (1958)). Thus, "[t]he gist of standing is whether there is a justiciable controversy being litigated amongst adverse parties with substantial interest affected[.]" *Texfi Industries v. City of Fayetteville*, 44 N.C. App. 268, 269-70, 261 S.E.2d 21, 23 (1979), *aff'd*, 301 N.C. 1, 269 S.E.2d 142 (1980). Permissive intervention, on the other hand, only requires that "an applicant's claim or defense and the main action have a question of law or fact in common." N.C. Gen. Stat. § 1A-1, Rule 24(b)(2) (2003). Thus, the

BRUGGEMAN v. MEDITRUST CO., LLC

[165 N.C. App. 790 (2004)]

impetus behind Newton and McGonigal's motion for intervention was that there was a common question of law or fact being litigated in another action. Judge Crow's inquiry into the case regarding the merits of Newton and McGonigal's motion to intervene was therefore independent of Judge Cobb's previous inquiry into whether Newton and McGonigal had standing to sue defendants.

Defendants maintain that the previous dismissal of Newton and McGonigal for lack of standing required that the subsequent motion for intervention be denied. However, "[w]hether a party has standing is merely a factor courts may consider in exercising their discretion to grant permissive intervention once the requirements for permissive intervention are satisfied." 59 Am. Jur. 2d Parties § 207 (2003). In fact, the requirements of Rule 24(b)(2) make it "unnecessary for an intervenor to have a direct personal or pecuniary interest in the subject of the litigation." *Id.*; *Scearce*, 81 N.C. App. at 541, 345 S.E.2d at 410 ("An intervenor by permission need not show a direct personal or pecuniary interest in the subject of the litigation.").

Newton and McGonigal's breach of contract claim necessitated proof of the same elements as those alleged in Bruggeman's claim. Because Newton, McGonigal, and Bruggeman operated in a joint venture, both claims rely on proof of the same facts to establish an agreement with defendants. Thus, we believe that Newton and McGonigal's motion to intervene sufficiently asserts that their claim involves questions of fact or law common to Bruggeman's claim. We also believe that the motion meets the requirements for permissive intervention pursuant to Rule 24(b). However, as discussed above, because Judge Crow was without jurisdiction to issue an order regarding the motion to intervene, the motion to intervene was not properly before him.

In conclusion, we hold that the trial court was divested of its jurisdiction to consider any motion regarding Newton and McGonigal's intervention in the case while *Bruggeman II* was pending before this Court. Accordingly, Judge Crow's 8 April 2003 order is vacated, and the case is remanded for further proceedings.

Vacated and remanded.

Judge McGEE concurs.

Judge TYSON concurs in part and dissents in part.

**BRUGGEMAN v. MEDITRUST CO., LLC**

[165 N.C. App. 790 (2004)]

TYSON, Judge concurring in part and dissenting in part.

I concur in the majority opinion's conclusion that the trial court's order must be vacated and remanded. I agree the trial court did not have jurisdiction to enter the order allowing Newton and McGonigal to intervene while an appeal was pending before this Court. I vote to vacate on these grounds. I dissent from the majority opinion's dicta on procedures on remand. A superior court judge does not possess jurisdiction to enter an order overruling an earlier order by another superior court judge on the same issue without a finding of substantial change in circumstances.

## I. Background

Plaintiffs originally filed this action alleging a contract with defendants and asserting entitlement to a commission for locating certain properties purchased by defendants. On 24 May 2002, defendants moved to dismiss Newton and McGonigal for lack of standing and to dismiss for lack of subject matter jurisdiction. The trial court denied MCLLC's motion to dismiss for subject matter jurisdiction, but granted its motion to dismiss Newton and McGonigal for lack of standing. Defendants appealed. On appeal, plaintiffs cross-assigned error to the trial court's order dismissing Newton and McGonigal. In an unpublished opinion dated 18 November 2003, we dismissed defendants' appeal as interlocutory and affirmed the trial court's ruling denying their motion to certify the judgment. We did not reach plaintiffs' cross-assignment of error.

While the appeal was pending in this Court, on 24 January 2003, Newton and McGonigal filed a purported intervenors' complaint. On 8 April 2003, the trial court entered an order granting Newton and McGonigal's motion to intervene. The trial court ruled, "there has been no substantial change of circumstances" and expressly recognized that its order "in effect overrules or circumvents Judge Cobb's Superceding Order" dismissing Newton and McGonigal as plaintiffs. The trial court also granted defendants' motion to stay further proceedings.

## II. Issues

The issues presented are whether: (1) the trial court had jurisdiction to enter an order while an appeal was pending; and (2) the trial court erred in overruling a nondiscretionary order of another superior court judge without a change of circumstances by permitting Newton and McGonigal to intervene after they had been dismissed for lack of standing.

### III. Trial Court Jurisdiction

#### A. Effect of Appeal

The majority opinion concludes, pursuant to N.C. Gen. Stat. § 1-294, defendants' appeal in *Bruggeman II* divested the trial court of jurisdiction to consider Newton and McGonigal's intervention. I agree.

When an interlocutory order of the trial court is appealed, the trial court is not required to stay proceedings, but may disregard the appeal and proceed to try the action while the appeal on the interlocutory matter is in the appellate court. *Veazey v. Durham*, 231 N.C. 357, 364, 57 S.E.2d 375, 383, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Our Courts have upheld a *trial* on its merits while an interlocutory appeal is pending. *See T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 481 S.E.2d 347, *disc. rev. denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). Under our statutes:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, *or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action* and not affected by the judgment appealed from.

N.C. Gen. Stat. § 1-294 (2003) (emphasis supplied). A fair reading of this statute together with *Veazey*, *T&T Development*, and other precedents regarding the effect of an interlocutory appeal suggests the trial court may proceed on *other matters* outside the ruling issued by the interlocutory judgment. The trial court, however, is stayed from ruling upon or overruling "the judgment appealed from, or upon the matter embraced therein." N.C. Gen. Stat. § 1-294.

Here, while the issue of Newton and McGonigal's standing was on appeal to this Court in *Bruggeman II*, another superior court judge issued an order ruling on the same matter pending on appeal. Based on plaintiffs' cross-assignment of error regarding Newton and McGonigal's intervention in the case, the trial court was divested of jurisdiction and could not hear any matters relating to the issue of their participation as a party in the case. Plaintiffs were not precluded from raising the issue of standing on appeal pursuant to N.C.R. App. P. 10(d) (2004). The trial court was divested of jurisdiction regarding this matter. *See* N.C. Gen. Stat. § 1-294. I concur in the majority opinion's ruling to vacate and remand for a new trial.

BRUGGEMAN v. MEDITRUST CO., LLC

[165 N.C. App. 790 (2004)]

### B. "Judge Shopping"

The majority opinion concludes, "Judge Crow's inquiry into the case regarding the merits of Newton and McGonigal's motion to intervene was therefore independent of Judge Cobb's previous inquiry into. whether Newton and McGonigal had standing to sue defendants." I disagree. I agree with defendants' argument that the trial court erred in allowing Newton and McGonigal's motion to intervene because it expressly overruled another superior court judge's order dismissing them for lack of standing. No substantial change in circumstances had occurred since the earlier dismissal on standing had been entered.

Our Supreme Court has long recognized:

"The power of one judge of the superior court is equal to and coordinate with that of another." *Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966). Accordingly, it is well established in our jurisprudence that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.

*State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (quoting *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)); *see also Global Furniture, Inc. v. Proctor*, 165 N.C. App. 229, 234-35, —— S.E.2d ——, —— (July 6, 2004) (No. COA03-1043). One judge in a concurrent court may reconsider or alter another judge's prior ruling "only in the limited situation where the party seeking to alter that prior ruling makes a sufficient showing of a substantial change in circumstances during the interim which presently warrants a different or new disposition of the matter." *Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194 (quoting *State v. Duvall*, 304 N.C. 557, 562, 284 S.E.2d 495, 499 (1981)). In *Woolridge*, Justice Brady noted, "Given this Court's intolerance for the impropriety referred to as 'judge shopping' and its promotion of collegiality between judges of concurrent jurisdiction, this 'unseemly conflict [of one superior court judge overruling another]' . . . will not be tolerated." 357 N.C. at 550, 592 S.E.2d at 194 (internal citations and quotations omitted).

Judge Cobb dismissed Newton and McGonigal as parties for lack of standing on 12 September 2002. On 1 October 2002, Newton and

McGonigal moved the trial court to allow them to intervene. On 8 April 2003, Judge Crow allowed their motion. Newton and McGonigal argue that Judge Crow's order is distinguishable and does not overrule Judge Cobb's earlier decision. Judge Crow's order, however, expressly acknowledged, "this Order allowing intervention in effect overrules or circumvents Judge Cobb's Superceding Order, entered 12 September 2002 . . . ." In granting the motion, Judge Crow also concluded, "That between the time of the entry of Judge Cobb's Superceding Order, filed 12 September 2002, and the date of this Order, there has been *no substantial change of circumstances*." (emphasis supplied).

Under *Woolridge* and well-established jurisprudence, Judge Crow was without authority to reconsider, alter, or overrule Judge Cobb's earlier order without receiving evidence and making a finding to support "a substantial change in circumstances . . . which presently warrants a different or new disposition of the matter." 357 N.C. at 549-50, 592 S.E.2d at 194. The parties should have requested a hearing before Judge Cobb to obtain a ruling on the motion to intervene. Judge Crow noted in his order that he had spoken directly with Judge Cobb regarding the 12 September 2002 order, which tends to show that Judge Cobb was available to the parties.

One superior court judge does not have jurisdiction to enter an order altering or overruling another superior court judge's prior order without a showing and a finding that a substantial change in circumstances had occurred. *Id.* Judge Crow's order allowing Newton and McGonigal to intervene expressly concluded otherwise and must be vacated.

### IV.  Conclusion

Our Supreme Court has expressly refused to condone "judge shopping." *Id.* Whether or not Newton and McGonigal's motion to intervene has merit, Judge Cobb is the only superior court judge with jurisdiction to make such a ruling, absent evidence to support a finding of "a substantial change in circumstances." *Id.*

The trial court erred by: (1) ruling on a matter currently on appeal; and (2) in doing so, overruling another superior court judge on the same matter. Judge Crow's order allowing Newton and McGonigal to intervene must be vacated for lack of jurisdiction pursuant to N.C. Gen. Stat. § 1-294 and the requirements of *Woolridge*. I concur in part and respectfully dissent in part.