REBECCA W. ROMULUS, Plaintiff v. JOHN M. ROMULUS, Defendant

No. COA10-1593

(Filed 20 September 2011)

**Divorce—equitable distribution—subject matter jurisdiction—unpaid periodic distributive award payments—execution pending appeal**

The trial court erred by ordering enforcement of payment of a distributive award as provided in an equitable distribution order based on lack of subject matter jurisdiction. Although an equitable distribution distributive award is theoretically a "judgment directing the payment of money" which is enforceable during the pendency of an appeal unless the appealing spouse posts a bond under N.C.G.S. § 1-289, the trial court does not have jurisdiction after notice of appeal is given to determine the amount of periodic payments which have come due and remain unpaid during the pendency of the appeal and to reduce that sum to an enforceable judgment. The case was remanded for further proceedings.

Appeal by defendant from orders entered 23 July 2010, 3 September 2010, and 15 September 2010 by Judge Jeffrey Evan Noecker in District Court, New Hanover County. Heard in the Court of Appeals 8 June 2011.

*Jonathan McGirt, for plaintiff-appellee.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellant.*

STROUD, Judge.

This case is a companion case to *Romulus v. Romulus*, COA 10-1453, in which we considered defendant's appeal from the equitable distribution order entered on 4 March 2010. In this appeal, defendant contends that the trial court erred by its orders entered to enforce payment of the distributive award as provided in the equitable distribution order. For the following reasons, we vacate the trial court's orders for lack of subject matter jurisdiction and remand this matter to the trial court for further proceedings.

I. Background

On 4 March 2010, the trial court entered an equitable distribution order which ordered that defendant pay plaintiff a distributive award

of $629,840.00, payable over a period of seven years in 84 monthly installments of $7,498.10. The first payment on the distributive award was due on 10 January 2010.[1] On 25 March 2010, plaintiff filed a motion to show cause why defendant should not be held in contempt for failure to comply with the equitable distribution order by making the monthly payments as due, and on the same day, the trial court issued an order for defendant to appear and show cause why he should not be held in contempt. On 31 March 2010, defendant filed notice of appeal from the 4 March 2010 equitable distribution order.

On 8 April 2010, defendant filed a motion to dismiss plaintiff's motion to show cause and the order to show cause, alleging that proceedings to enforce the judgment could not be held prior to expiration of the time for giving of notice of appeal, and time for appeal did not expire until 5 April 2010. Defendant also alleged that the trial court lacked jurisdiction to enter orders for contempt while an appeal was pending. On 25 May 2010, the trial court held a hearing upon plaintiff's motion for contempt and defendant's motion to dismiss the motion, but the order from this hearing was not "reduced to writing, signed, and entered" until 23 July 2010. At the 25 May 2010 hearing, the trial court "noted that proceedings in the case by writ of execution and levy were not prohibited by law and opined on how such proceedings might occur."

On 1 June 2010, plaintiff filed an affidavit alleging that defendant had not paid any of the distributive award monthly payments due thus far, with a total past due of $37,490.50. On 17 June 2010, the New Hanover County Clerk of Superior Court issued a writ of execution for the entire amount of the distributive award, $645,639.50; on 9 July 2010, the New Hanover County Sheriff seized defendant's 1994 Chevrolet Suburban and 2007 Triton Sea Hunt 220 boat. On 16 July 2010, defendant filed a motion for a temporary restraining order and injunction seeking to have the writ of execution withdrawn, alleging in part that the execution was done in contravention to the equitable distribution order which provided for monthly payments, with the total award not due and payable in full until December 2016.

On 23 July 2010, the trial court entered two orders. One order memorialized the trial court's rulings at the 25 May 2010 hearing,

---

1. The equitable distribution trial concluded on 9 October 2009 and the order was filed 4 March 2010. The order provided that the monthly payments were to be paid "on or before the the [sic] 10th day of each month, retroactive to January 10, 2010." Defendant does not raise any argument on appeal as to the retroactivity of the distributive payments.

ROMULUS v. ROMULUS

[216 N.C. App. 28 (2011)]

which addressed plaintiff's motion to show cause and defendant's motion to dismiss. The trial court denied defendant's request for relief under Rule 62(a) of the North Carolina Rules of Civil Procedure but allowed defendant's request for relief under Section 1-294 of the North Carolina General Statutes and provided that "Plaintiff's Motion to Show Cause and the Court's Order to Show Cause shall be held in abeyance."

On 23 July 2010, the trial court also entered an order based upon a "hearing in chambers" held on 21 July 2010 on defendant's motion for temporary restraining order and to withdraw the writ of execution. The trial court ordered as follows:

1. The Defendant's Motion to Withdraw the Writ of Execution is denied, pending further hearing.

2. Defendant is entitled to a temporary restraining order in this matter.

3. The Sheriff of New Hanover County and the Clerk of Superior Court are hereby restrained from making any payment to the Plaintiff from any property seized or sold in this case pursuant to the Writ of Execution in excess of the amounts currently due and unpaid under the Equitable Distribution Judgment.

4. In order to determine said amounts, the Plaintiff is directed to regularly file Affidavits with the Clerk of Court in this case, as has already been done on at least one occasion, updating the amounts currently due and payable under the Equitable Distribution Judgment. Any such Affidavits are to be served on the Defendant. If there is a dispute as to amounts due and unpaid, the Court will on appropriate motion schedule a hearing to make the determination after hearing from all parties.

5. Any property already seized by the Sheriff pursuant to the Writ of Execution, including but not limited to a 1994 Chevrolet Suburban and a 2007 boat, may remain in the Sheriff's possession for sale and/or other proceedings pursuant to statute.

6. This matter shall be calendared for hearing as to whether Defendant is entitled to further injunctive or other relief on August 10, 2010 in Courtroom #301 at 9:30 am or as soon as the matter can be reached.

On 3 August 2010, plaintiff filed a motion to have amounts alleged due in the amount of $52,486.70 reduced to judgment. On the same date, defendant filed a motion to alter or amend the 23 July 2010

order on the motion to dismiss and order to show cause pursuant to Rule 59, alleging that two conclusions of law in that order were in error. On 5 August 2010, defendant filed a motion for return of his property which was seized by the sheriff and a response to plaintiff's 3 August 2010 motion to have the past-due payments reduced to judgment.

On 3 September 2010, the trial court entered a "Decree on Pending Motions" which denied defendant's Rule 59 motion, dissolved the temporary restraining order, denied defendant's motion for return of property, and directed the clerk of superior court "to immediately docket a judgment against the Defendant and in favor of the Plaintiff in the principal amount of $52,486.70, which is reflective of amounts due and unpaid through August 9, 2010." The order provided that interest would accrue on "each unpaid payment at the legal rate." The order further provided that "an amended Writ of Execution shall immediately issue" in the amount of $52,486.70 and the sheriff was directed to retain the property seized from defendant "for further proceedings[.]" The trial court also ordered that defendant was entitled to "a period of twenty (20) days from entry of this order to post a sufficient undertaking in compliance with Section 1-289, in an amount of $150,000.00, such amount being deemed sufficient by the court to protect the parties pending the determination of the appeal."

On 15 September 2010, another copy of the 3 September 2010 order was filed with the clerk of superior court ("the modified order"). This order is identical to the 3 September 2010 order except for several handwritten changes to the order, initialed by "JEN[,]" presumably the Honorable Jeffrey Evan Noecker, the judge who also entered the prior orders in this matter. One change is a correction to a typographical error which is not at issue here; the other is a handwritten addition which states that "[t]he accrued interest through August 9, 2010 is $1,354.15."

On 21 September 2010, defendant filed notice of appeal from the 3 September 2010 order, the 15 September 2010 modified order, the 23 July 2010 order on defendant's motion to withdraw the writ of execution and temporary restraining order, and the 23 July 2010 order on motion to dismiss and order to show cause.

II. Standard of review

Defendant raises two arguments regarding the authority of the trial court to enter order enforcing the distributive award. Defendant first argues that the "trial court had no statutory authority to enter orders permitting plaintiff to seek to have alleged unpaid periodic dis-

tributive award payments reduced to judgment or to enter judgment on the amounts alleged to be due," based upon N.C. Gen. Stat. § 50-20(e) and N.C. Gen. Stat. § 1-294. Defendant's second argument is that the trial court had no subject matter jurisdiction to enter orders enforcing the distributive award as both parties had appealed from the equitable distribution order. On both of defendant's arguments, our standard of review is *de novo*, as both issues present questions of law. Because defendant's first argument presents a question of "statutory interpretation, full review is appropriate, and 'the conclusions of law 'are reviewable de novo.' ' " *Mark IV Beverage, Inc. v. Molson Breweries USA, Inc.*, 129 N.C. App. 476, 480, 500 S.E.2d 439, 442 (quoting N.C. *Reinsurance Facility v. N.C. Insurance Guaranty Assn.*, 67 N.C. App. 359, 362, 313 S.E.2d 253, 256 (1984)), *disc. review denied*, 349 N.C. 231, 515 S.E.2d 705 (1998). Defendant's N.C. Gen. Stat. § 1A-1, Rule 59 motion also presents "a question of law or legal inference" which is reviewed *de novo. Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000). Also, "[t]he standard of review for lack of subject matter jurisdiction is *de novo*." *Keith v. Wallerich*, 201 N.C. App. 550, 554, 687 S.E.2d 299, 302 (2009) (citation omitted).

### III. Subject matter jurisdiction

We will address defendant's second argument first, because if the trial court did not have subject matter jurisdiction to consider plaintiff's motions seeking enforcement of the equitable distribution order, it would be unnecessary for us to address the merits of any orders entered. Also, as a practical matter, both arguments raise the same issues, for if the trial court had statutory authority to enter the contested orders, those statutes would presumably confer subject matter jurisdiction to enter the orders. Defendant argues that the filing of notice of appeal by both parties divested the trial court of subject matter jurisdiction to enter additional orders. Essentially, defendant argues that the distributive award in the equitable distribution order is unenforceable as a practical matter while the order is on appeal, where the trial court did not secure the award by a lien upon specific property under N.C. Gen. Stat. § 50-20(e) and did not enter a judgment for a fixed sum payable on one date.

N.C. Gen. Stat. § 1-294 (2009) provides as follows:

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the

court below may proceed upon any other matter included in the action and not affected by the judgment appealed from. The court below may, in its discretion, dispense with or limit the security required, when the appellant is an executor, administrator, trustee, or other person acting in a fiduciary capacity. It may also limit such security to an amount not more than fifty thousand dollars ($50,000), where it would otherwise exceed that sum.

An appeal is not "perfected" until it is docketed in the appellate court, but when it is docketed, the perfection relates back to the time of notice of appeal, so any proceedings in the trial court after the notice of appeal are void for lack of jurisdiction. *Lowder v. All-Star Mills, Inc.*, 301 N.C. 561, 580-81, 273 S.E.2d 247, 258-59 (1981). Defendant argues that there are specific statutory provisions which provide for enforcement of orders regarding child custody, child support, and alimony during an appeal, but there is no such statute for an equitable distribution order. *See* N.C. Gen. Stat. § 50-16.7 (alimony enforceable by contempt pending appeal); N.C. Gen. Stat. § 50-13.3 (child custody enforceable by contempt pending appeal); N.C. Gen. Stat. § 50-13.4(f)(9) (child support enforceable by contempt pending appeal). The only specific statutory provision in Chapter 50 regarding enforcement of a distributive award requiring periodic payments is N.C. Gen. Stat. § 50-20(e), which provides authority for the trial court to place a lien upon specific property to secure payment of a distributive award. *See* N.C. Gen. Stat. § 50-20(e) (2009) (stating that "[t]he court may provide for a distributive award to facilitate, effectuate or supplement a distribution of marital or divisible property. The court may provide that any distributive award payable over a period of time be secured by a lien on specific property."). In contrast to a "lien on specific property[,]" a docketed money judgment under N.C. Gen. Stat. § 1-234 becomes a lien upon all real property owned by the debtor in the county where the judgment is recorded. N.C. Gen. Stat. § 1-234 (2009). Defendant argues that "[t]he applicable rule of statutory construction here is that 'where one statute deals with a particular subject or situation in specific detail, while another statute deals with the subject in broad, general terms, the particular, specific statute will be construed as controlling, absent a clear legislative intent to the contrary.'" *Lewis v. Edwards*, 147 N.C. App. 39, 50, 554 S.E.2d 17, 24 (2001) (quoting *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 154-55, 423 S.E.2d 747, 751 (1992)).

Plaintiff responds that although N.C. Gen. Stat. § 50-20(e) provides for a lien upon specific property as one method of enforcement of a distributive award, it is certainly not the only method, nor is the trial court compelled to use only this method, and nothing in N.C. Gen. Stat. § 50-20 addresses its application to an appeal from an equitable distribution order. Plaintiff claims that "Defendant's Brief asserts an absurd or bizarre consequence from the Defendant's misinterpretation of Subsection 50-20(e), namely: That merely by filing a Notice of Appeal, the Defendant may automatically paralyze the trial court from taking any action toward enforcement of or execution on its validly entered Equitable Distribution Judgment." But this Court has noted:

> It is well settled that in construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results. Accordingly, an unnecessary implication arising from one statutory section, inconsistent with the express terms of another on the same subject, yields to the expressed intent.

*Duplin County Bd. of Educ. v. Duplin County Bd. of County Com'rs*, 201 N.C. App. 113, 119, 686 S.E.2d 169, 173 (2009) (citations, quotation marks, and brackets omitted).

Plaintiff notes that Chapter 1, Article 27 governs appeals and argues that we should look to its provisions in addressing rights upon appeal. Although N.C. Gen. Stat. § 1-294, as quoted above, provides for an automatic stay of "all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein[,]" other provisions in Article 27 do permit execution to proceed upon a judgment, even if it has been appealed, in certain circumstances. In this instance, plaintiff argues that N.C. Gen. Stat. § 1-289 (2009) is applicable to the equitable distribution order; it provides in pertinent part as follows:

> (a) If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall

be awarded against the appellant upon the appeal, except as provided in subsection (b) of this section. . . .

Thus, the first issue we must address is whether an equitable distribution judgment which orders payment of a distributive award by periodic payments is "a judgment directing the payment of money" within the meaning of N.C. Gen. Stat. § 1-289. Neither party has cited, nor can we find, a prior case which addresses this exact issue. However, our Supreme Court has recognized that judgments directing the payment of alimony or child support are "judgments directing the payment of money" under N.C. Gen. Stat. § 1-289 which "apparently" may be enforced by execution during an appeal. *Quick v. Quick*, 305 N.C. 446, 462, 290 S.E.2d 653, 663 (1982).

In *Joyner v. Joyner*, our Supreme Court addressed an order for alimony *pendent lite* and child custody, holding that the order was not enforceable by contempt while the order was on appeal, as this case was decided prior to statutory amendments which allowed enforcement by contempt during an appeal. 256 N.C. 588, 592, 124 S.E.2d 724, 727 (1962). While the *Joyner* court held that the trial court was "divested of jurisdiction by the appeal" and its contempt order was therefore void, it also noted:

> However, with respect to the money judgments, the appeal does not stay execution against the defendant's property for the collection of the judgment unless a stay or *supersedeas* is ordered. The appeal stays contempt proceedings until the validity of the judgment is determined. But taking an appeal does not authorize a violation of the order. One who wilfully violates an order does so at his peril.

*Id.* at 591, 124 S.E.2d at 727. Our Supreme Court again recognized the distinction between enforcement by contempt and by execution as to an alimony order in *Quick v. Quick:*

> It has also been held that an order for the payment of alimony, alimony *pendente lite*, child support and counsel fees is a money judgment under the provisions of G.S. 1-289. Therefore, an appeal does not stay execution against the defendant's property for the collection of judgment unless a stay or supersedeas is ordered. *Vaughan v. Vaughan*, 211 N.C. 354, 190 S.E. 492 (1937); *Joyner v. Joyner*, 256 N.C. 588, 124 S.E.2d 724.
>
> > An appeal does not stay execution on the judgment unless the supporting spouse puts up an execution bond. Where no stay

of execution bond has been executed, *apparently* the dependent spouse may enforce the court order by ordinary execution against the property of the supporting spouse to collect the judgment even though the case has been appealed.

2 R. Lee, [*North Carolina Family Law* § 147 (4th ed. 1980)]; *see also* G.S. § 50-16.7, .7(k) (1976).

305 N.C. 446, 462, 290 S.E.2d 653, 663 (1982) (emphasis added). However, neither *Joyner* nor *Quick* actually ruled upon the issue of execution pending an appeal; execution was not attempted in either case and both cases dealt with orders for contempt. As a general proposition, although child support and alimony orders are entered under different statutory provisions than a distributive award, all are under Chapter 50 and all are orders for periodic payments of a fixed amount and are, in the plain language of N.C. Gen. Stat. § 1-289, "judgment[s] directing the payment of money[.]" As the defendant herein did not "put[] up an execution bond[,]" *see Quick*, 305 N.C. at 462, 290 S.E.2d at 663, as directed by N.C. Gen. Stat. § 1-289, the appeal of the equitable distribution order did not stay enforcement of the order "by ordinary execution against the [defendant's] property . . . even though the case has been appealed." *See id.*

The question then becomes determination of the amount of the money judgment upon which execution could issue during the pendency of an appeal. Here, the problem is that the amount of the sums due under the order may change each month, as additional payments come due; the entire distributive award here is not payable until December 2016.[2] Plaintiff argues that "[t]he fact that Judge Noecker totaled the seven (7) periodic monthly payments that had accrued and not been paid . . . and noted the total ($52,486.70) in the September 3, 2010 Order did not mean that Judge Noecker was entering a **new or additional judgment**." (emphasis by plaintiff.) Neither party has cited, nor can we find, any case which has addressed an order reducing past-due payments to judgment in the context of an equitable distribution distributive award, but it has been addressed as to an alimony order. As noted above, we see no reason to treat distributive award payments differently from alimony payments for pur-

_____

2. This problem was evidenced here when the clerk of court issued execution for the entire amount of the distributive award; this execution was withdrawn by the trial court and there is no dispute that execution for the entire amount was improper as the award was payable in 84 monthly installments, not all at once. To address this problem, in the 23 July 2010 order the trial court fashioned an order requiring periodic affidavits from plaintiff as to amounts due.

poses of N.C. Gen. Stat. § 1-289. In *Carpenter v. Carpenter*, the plaintiff sought enforcement of an alimony order during the pendency of an appeal of the alimony order by the defendant, by having the trial court determine the amount of alimony payments in arrears and reducing this amount to judgment upon which execution could issue. 25 N.C. App. 307, 212 S.E.2d 915 (1975). The *Carpenter* court vacated the trial court's order reducing the arrears to judgment for lack of jurisdiction; the entire legal analysis stated by the court is as follows:

> G.S. 1-294 provides that "[w]hen an appeal is perfected as provided by this article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." Here, by entering the order of 25 November 1974 the District Court undertook to proceed upon the very matters which were embraced in and which were directly affected by the previous order appealed from which was dated 24 June 1974.
>
> As a general rule an appeal takes the case out of the jurisdiction of the trial court, *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971); *Bowes v. Bowes*, 19 N.C. App. 373, 198 S.E.2d 732 (1973); *Upton v. Upton*, 14 N.C. App. 107, 187 S.E.2d 387 (1972); G.S. 1-294; and, with certain exceptions noted in *Machine Co. v. Dixon*, 260 N.C. 732, 133 S.E.2d 659 (1963) and not here applicable, pending the appeal the trial judge is *functus officio*. Therefore, the District Court in the present case had no jurisdiction to hear and pass upon defendant's motion filed on 19 November 1974 while the appeal of this case was pending in the Court of Appeals.

*Id.* at 308-09, 212 S.E.2d at 916. Thus, although an equitable distribution distributive award is theoretically a "judgment directing the payment of money" which is enforceable during the pendency of an appeal unless the appealing spouse posts a bond pursuant to N.C. Gen. Stat. § 1-289, the trial court does not have jurisdiction after notice of appeal is given to determine the amount of periodic payments which have come due and remain unpaid during the pendency of the appeal and to reduce that sum to an enforceable judgment. Plaintiff here is thus left in the unfortunate position of the dependent spouses in *Quick* and *Joyner*, who had no means of enforcement of their alimony orders during the pendency of the appeal. The Supreme Court noted as follows regarding this dilemma:

ROMULUS v. ROMULUS

[216 N.C. App. 28 (2011)]

"Surely, however, some more adequate provision [than execution] should be made . . . during the legal battle . . . . Frequently it is months after an appeal is taken until the record is seen here." [*Joyner,*] 256 N.C. at 592, 124 S.E.2d at 727.

We agree with counsel for plaintiff that a more satisfactory answer should be found, but that answer can come only from the Legislature.

*Quick,* 305 N.C. at 462, 290 S.E.2d at 663-64. Our Legislature has found a "more satisfactory answer" for orders for child support, alimony, and custody, as noted above, which are now enforceable by contempt pending appeal, but provided no answer as to equitable distribution distributive awards. We would also note, as did the *Quick* court, that defendant "should find little consolation in our decision to vacate the trial court order" as on remand, the trial court will determine the amount of the distributive award payments which are past due and "should defendant fail to make [distributive award] payments while the case is on appeal and prior to the new hearing, he runs a serious risk of facing an order for substantial arrearages." *Id.* at 462-63, 290 S.E.2d at 664. We also note that when defendant's companion appeal as to the equitable distribution order and this appeal are over and the trial court makes its determination of the amounts owed, defendant will still be subject to proceedings for contempt of court. In addition, we would note that under N.C. Gen. Stat. § 50-20(e), upon remand in the companion case, the trial judge could make any distributive award paid by periodic payments a lien upon specific property owned by the defendant, up to and including all of his property.

We are thus compelled by *Carpenter* to hold that the trial court did not have subject matter jurisdiction to enter the 23 July 2010 order on the motion to dismiss and order to show cause, which permitted plaintiff to pursue a judgment against defendant pending appeal of the equitable distribution order for the distributive payments which were past due; the 3 September 2010 decree on pending motions which entered the judgment; and the hand-modified version of the 3 September 2010 decree which was re-filed on 15 September 2010. We therefore vacate these orders and remand this matter to the trial court for further proceedings in conjunction with remand on the appeal in the companion case, *Romulus v. Romulus,* COA 10-1453, which is filed simultaneously with this opinion.

VACATED AND REMANDED.

Judges HUNTER, Robert C. and HUNTER, JR., Robert N. concur.